# Richmond

COMMONWEALTH NATURAL GAS CORPORATION v. A. J. HORNER, JR., ET AL.

May 4, 1959.

Record No. 4911.

Present, All the Justices.

The opinion states the case.

*Ralph H. Ferrell, Jr. (E. Milton Farley, III; Hunton, Williams, Gay, Moore & Powell,* on brief), for the appellant.

*Howard W. Dobbins (Wallerstein, Goode, Adamson & Dobbins,* on brief), for the appellees.

EGGLESTON, C. J., delivered the opinion of the court.

The Commonwealth Natural Gas Corporation filed a condemnation proceeding in the lower court under Code, § 25-1 *ff.,* to acquire a 60-foot right of way and easement to lay, construct, operate, maintain, repair, replace and remove an 18-inch gas pipe line over five tracts of land owned, respectively, by (1) A. J. Horner, Jr. (Parcel No. C-B-241); (2) James H. and Margaret H. Condrey (Parcel Nos. C-B-245-A, B & C); (3) A. J. Horner (Parcel No. C-B-248); (4) Alden J. Horner, Jr. and Sara S. Horner (Parcel No. C-B-249); and (5) Charles H. Horner (Parcel No. C-B-250). These owners are hereinafter referred to collectively as the landowners, and the Commonwealth Natural Gas Corporation as the condemner.

The cases were heard together. Five commissioners were appointed of whom four were sworn and acted. After hearing evidence as to values offered by the condemner and landowners, respectively, and viewing the several properties and those adjacent thereto, the commissioners filed a single report covering their awards in the five cases. The condemner excepted to the report on the grounds that improper evidence was admitted, that the awards were grossly excessive, that they were based on erroneous principles, and were made without due consideration of the court's instructions.

When the exceptions to the commissioners' report came on to be heard the condemner offered the testimony of two realtors, who had not testified before the commissioners, to support its contention that the amounts of the awards were excessive. The lower court refused to consider this evidence.

In its exceptions the condemner prayed that the commissioners be required to appear before the court and explain their report and advise the court as to how the awards had been made. This motion was overruled. Thereafter the condemner's exceptions to the report were overruled, the award in each case was confirmed, and judgment entered thereon. The condemner has appealed claiming the lower

court erred (1) in not setting aside the awards on the grounds stated in its exceptions to the report, (2) in refusing to consider additional evidence tendered by the condemner in support of its contention that the awards were excessive, and (3) in refusing to direct the commissioners to appear in court and explain their report and how the respective awards had been made.

The lower court granted twelve instructions at the request of the condemner and five at the request of the landowners. No exceptions to the instructions are involved on this appeal.

The pipe line to be constructed on the right of way will be laid in a trench which will be refilled in such a manner as not to interfere with the owners' use of the surface of the land.

The real estate experts who testified on behalf of the condemner and the landowners, respectively, were the same in each case. The condemner's witnesses were W. R. L. Smith, Jr., and T. W. Clark, realtors with forty-five and forty-seven years experience, respectively. J. E. Norvell, Jr., and Irvin G. Horner, realtors with thirty-four and seven years experience, respectively, testified on behalf of the landowners.

(1) THE A. J. HORNER, JR. TRACT (PARCEL NO. C-B-241)

The easement here extends a distance of 3,369 feet across a tract of 320 acres and covers 4.67 acres with small timber growing thereon. Witnesses for the condemner placed the value of the property taken from $525.38 to $700.50, damages to the residue from $420.30 to $467, or a total of from $945.68 to $1,167.50. Witnesses for the landowners placed the corresponding values at $467 for the property taken, $2,250 to $2,450 for damages to the residue, or a total of from $2,717 to $2,917. The commissioners awarded $700.50 for the property taken and $1,634.50 for damages to the residue, or a total of $2,335.

(2) THE CONDREY TRACT (PARCEL NOS. C-B-245-A, B & C)

Here the easement covers 4.79 acres and extends a distance of 3,375 feet across three tracts with a total of 349 acres. The easement across Tract A covers .43 of an acre of low cleared land, that across Tract B covers 3.12 acres of pasture and cultivated land, that across Tract C covers 1.23 acres of wooded land. The witnesses valued separately for each tract the amount of compensation for the property taken and damages to the residue.

As to Tract A, witnesses for the condemner valued the property taken from $48.38 to $86, damages to the residue from $38.70 to $57.50, or a total of from $87.08 to $143.50. Witnesses for the landowners valued the property taken from $85.50 to $168, damages to the residue from $275.50 to $540, or a total of from $361 to $708. The commissioners awarded $176 for the property taken and $264 for damages to the residue, or a total of $440.

As to Tract B, witnesses for the condemner valued the property taken from $526.50 to $691.50, damages to the residue from $488.70 to $416, or a total of from $1,015.20 to $1,107.50. Witnesses for the landowners valued the property taken from $723 to $1,000, damages to the residue from $2,400 to $3,260, or a total of from $3,123 to $4,260. The commissioners awarded $1,248 for the property taken and $1,872 for damages to the residue, or a total of $3,120.

As to Tract C, witnesses for the condemner valued the property taken from $138.38 to $153.75, damages to the residue from $110.70 to $102.50, or a total of from $249.08 to $256.25. Witnesses for the landowners valued the property taken from $258 to $364, damages to the residue from $1,500 to $1,600, or a total of from $1,758 to $1,964. The commissioners awarded $492 for the property taken and $738 for damages to the residue, or a total of $1,230.

(3) THE A. J. HORNER TRACT (PARCEL NO. C-B-248)

The easement here covers 3.81 acres and extends for a distance of 2,743 feet across a tract of 160 acres. This land lies on the north side of U. S. Route 360, an arterial highway. An easement of the Virginia Electric & Power Company for electric transmission lines covers .41 of an acre of the condemner's proposed easement. Witnesses for the condemner valued the property taken from $763.25 to $890.75, damages to the residue from $190.20 to $195.25, or a total of from $953.45 to $1,086. Witnesses for the landowners valued the property taken at $1,143, damages to the residue from $2,304 to $2,424, or a total of from $3,447 to $3,567. The commissioners awarded $1,905 for the property taken and $1,678 for damages to the residue, or a total of $3,583.

(4) THE ALDEN J. HORNER, JR. AND SARA S. HORNER TRACT (PARCEL NO. C-B-249)

The easement across this tract covers 1.02 acres and extends a distance of 729 feet through a tract of 6 acres. This land fronts on the north side of U. S. Route 360, an arterial highway. The condemner's entire easement is within the easement of the Virginia Electric

& Power Company for electric transmission lines. Witnesses for the condemner valued the property taken at $178.50, damages to the residue from $107.10 to $119, or a total of from $285.60 to $297.50. Witnesses for the landowners valued the property taken at $1,530, damages to the residue at $1,500, or a total of $3,030. The commissioners awarded $1,020 for the property taken and the same amount for damages to the residue, or a total of $2,040.

(5). THE CHARLES H. HORNER TRACT (PARCEL C-B-250)

The easement here covers .82 of an acre and extends for a distance of 593 feet through a tract of 175 acres. This land fronts on the south side of U. S. 360, an arterial highway. An easement of the Virginia Electric & Power Company for electric transmission lines covers .3 of an acre of the condemner's proposed easement. Witnesses for the condemner fixed the compensation for the property taken from $162 to $201, damages to the residue from $73.80 to $82, or a total of from $235.80 to $283. Witnesses for the landowners valued the property taken at $1,230, damages to the residue at $1,187, or a total of $2,417. The commissioners awarded $1,080 for the property taken and $870 for damages to the residue, or a total of $1,950.

Before us one of the main contentions of the condemner is that the lower court erred in refusing to consider on exceptions to the report the testimony of two realtors that each of the awards was grossly excessive. The contention is that such testimony was relevant for the purpose of evaluating the awards.

Code, § 25-18, provides that the report of the commissioners shall be returned to the clerk's office "where it shall remain for at least thirty days, after which, unless good cause be shown against" it, it shall be confirmed. The statute is silent as to whether "good cause" against the report may be shown by evidence that the award is either excessive or inadequate.

Nor has the question been clearly settled by our previous decisions. There are indications in the reported opinions of some of our cases that such evidence has been admitted, apparently without objection. See *Barnes* v. *Tidewater Railway Co.*, 107 Va. 263, 265, 58 S. E. 594; *Appalachian Power Co.* v. *Johnson*, 137 Va. 12, 31, 119 S. E. 253; *Kornegay* v. *City of Richmond*, 185 Va. 1013, 1019, 41 S. E. 2d 45, 47; *Appalachian Electric Power Co.* v. *Gorman*, 191 Va. 344, 348, 61 S. E. 2d 33, 35.

However, in *Norfolk & Western Ry. Co.* v. *Virginian Railway*

*Co.,* 110 Va. 631, 66 S. E. 863, there is an indication that such evidence should not be considered. In that case we held that extracts from the brief of counsel, in the nature of an admission of the damages for which his client is liable, and filed in another case, cannot be filed for the first time on the hearing of exceptions to the report of the commissioners because, it was said, "If these two extracts had any evidential value, they should have been brought to the attention of the commissioners while they were engaged in ascertaining the damages to be awarded." 110 Va., at page 648.

In other jurisdictions there is a conflict of authority as to whether the court, in considering the questioned amount of the award of commissioners or viewers, should hear additional evidence as to the value of, or damage to, the property involved. See 29 C. J. S., Eminent Domain, § 317-b, p. 1352; 20 C. J., Eminent Domain, § 493, p. 1057.

Upon full consideration of the matter, we now hold that in passing upon exceptions to a report of commissioners additional evidence as to the value of the property taken or damaged should not be admitted. In the present case, as shown by the lower court's instructions to the commissioners, two questions were to be decided by them. First, just compensation to the landowner for the easement and rights taken, and second, the damages, if any, to the remaining property of the landowner by reason of the easement taken and the construction and operation of the condemner's works thereon. The commissioners were told that in determining these questions they should consider the fair market value of the property taken and damaged in each case. Both the condemner and the landowners offered witnesses who testified fully before the commissioners on the subject.

The evidence which the condemner asked the court to consider in passing on the exceptions was, in effect, in rebuttal of the evidence which the landowners had adduced before the commissioners and should have been introduced before them. Had the court received the evidence offered by the condemners that the valuations of the commissioners were excessive, the landowners in turn would have been entitled to offer evidence that the valuations were proper. Hence, there would have been a trial de novo by the court itself of the very question which had been submitted to, and decided by, the commissioners. Such practice should not be permitted. It would encourage a litigant to await the report of the commissioners, hoping that it would be favorable, and if unfavorable, to introduce before the

court evidence which should have been brought to the attention of the commissioners and evaluated by them.

 The condemner next complains of the action of the lower court in refusing to require the commissioners to appear and explain their report. The contention is that because of the allegations of the condemner that the awards were grossly excessive and that the commissioners had proceeded on erroneous principles, the court should have required them to appear and advise the court as to the manner in which their awards had been arrived at.

Prior to 1956 there was a difference of view not settled by the decisions of this court as to whether it was proper, upon exceptions to a report of commissioners, to require them to appear and explain their report and testify as to how they had arrived at their award. See the concurring opinion of Mr. Justice Whittle in *Virginia Electric & Power Co.* v. *Pickett,* 197 Va. 269, 279 *ff.,* 89 S. E. 2d 76, 83 *ff.* (1955). It is not necessary that we discuss these divergent views as the matter is now controlled by statute. By the Acts of 1956, ch. 563, p. 926, the Code of 1950 was amended by the addition of the following section:

"§ 25-18.1. *Testimony of commissioners in connection with report.* —Unless an allegation be made or evidence produced of fraud, collusion, corruption or improper conduct, no testimony shall be received from the commissioners for the purpose of explaining or clarifying the report or the compensation and damages therein set forth. At the hearing of exceptions to the commissioners' report on the grounds that the award is grossly excessive or inadequate or that the commissioners misunderstood the instructions or proceeded upon erroneous principles, or that there was fraud, collusion, corruption or improper conduct, the court or judge in vacation may require the commissioners to attend and advise the court or judge, as the case may be, as to the manner in which the report was formulated." [1]

It will be observed that under the first sentence of the new section, no testimony of the commissioners to explain or clarify their report or award shall be received in the absence of an allegation or showing of "fraud, collusion, corruption or improper conduct" on their part. Under the second sentence, where the report has been excepted to on the ground that "there was fraud, collusion, corruption or improper conduct," the court has the discretionary power to require

---

[1] Compare a similar amendment to Code, § 33-64, by Acts of 1956, ch. 580, p. 938.

the commissioners "to attend and advise the court or judge * * * as to the manner in which the report was formulated." The court also has such discretionary power when the report has been excepted to on the grounds that "the award is grossly excessive or inadequate or that the commissioners misunderstood the instructions or proceeded upon erroneous principles."

Inasmuch as the report in the present case was excepted to on the grounds that the awards were grossly excessive and that the commissioners proceeded upon erroneous principles, the question is whether, under the circumstances, the lower court abused its discretion in refusing to require the commissioners to attend and advise the court as to the manner in which their report was formulated.

We hold that the record in the present case presents a situation in which the lower court should have exercised the discretion granted to it under the statute and required the commissioners to appear and testify. One of the principal contentions of the condemner was that the commissioners had not given proper consideration to the fact that the easements sought over the A. J. Horner Tract (Parcel No. C-B-248), the Alden J. Horner, Jr. Tract (Parcel No. C-B-249), and the Charles H. Horner Tract (Parcel No. C-B-250) were within lands already subject to easements of the Virginia Electric & Power Company for its electric transmission lines. While the testimony of the witnesses for the landowners on the subject is not entirely clear, it is susceptible of the interpretation that these witnesses were of opinion that the prior easements were not to be considered in fixing the amount of compensation or damages to which the landowners were entitled in the present litigation. This view was contrary to the court's instructions to the commissioners, given without objection, that they should evaluate the land taken and assess damages to the residue, "considering the existing power line easement."

Although the awards for the easements here sought over these properties and the damages to the residue are within the range of the testimony offered by the landowners, they are far in excess of that of witnesses for the condemner. Only by an examination of the commissioners could it be ascertained whether they had given proper consideration to the effect of the prior easements of the Virginia Electric & Power Company and the court's instruction with respect thereto.

The amounts of the awards for damages to the residue of the properties in the A. J. Horner, Jr. Tract (Parcel No. C-B-241) and

the Condrey Tract (Parcel Nos. C-B-245-A, B & C) are subject to the same criticism. While standing alone these awards may not be unreasonable as a matter of law, their similarity in amount and their relationship to the awards in the other cases should have prompted the lower court to require the commissioners to attend and advise it as to the manner in which they were formulated.

In the briefs and oral argument before us the question was raised as to whether the commissioners, when required to attend and "advise the court or judge" with respect to the formulation of their report, should be interrogated only by the court or judge or by counsel as well. Since counsel for the respective parties are in a position to be helpful to the court in developing full information on the subject, and there is no language in the statute to indicate that they should not participate in such examination, we hold that they should be permitted to do so.

Because of the error of the lower court in refusing to require the commissioners to attend and advise the court as to the manner in which their report was formulated, the final order complained of is reversed, the judgment in each case set aside, and the cause remanded for further proceedings in conformity herewith.

*Reversed and remanded.*