# Staunton

S. D. May, State Highway Commissioner v. Bruce Malcolm, Et Al.

September 2, 1960.

Record No. 5107.

Present, Eggleston, C. J. and Buchanan, Miller, Whittle, Snead and I'Anson, JJ.

The opinion states the case.

*M. Ray Johnston, Assistant Attorney General (A. S. Harrison, Jr., Attorney General; Francis C. Lee, Assistant Attorney General,* on brief), for the plaintiff in error.

*Ralph H. Brumet,* for the defendants in error.

I'ANSON, J., delivered the opinion of the court.

This is a condemnation proceeding instituted by the State highway commissioner, plaintiff-in-error herein, for the purpose of condemning in fee simple a strip of land containing 4.96 acres, with the buildings thereon, owned by Bruce Malcolm and Pauline Gertrude Malcolm, defendants-in-error herein, to be used in the construction, maintenance and alteration of a section of a public road in Washington county, just west of the city of Bristol, Virginia, known as route 81 in the Interstate System of State Highways.

The duly appointed commissioners, after viewing the premises in the presence of the trial court, counsel, and the interested parties, hearing the evidence, and considering instructions, filed a report fixing the value of the lands and buildings taken at $12,531, and stated that there were no damages to the adjacent or other property of the defendants-in-error by reason of the construction, alteration and operation of the highway beyond or in excess of the enhancement in value that will accrue to such residual properties as a result of the construction and improvement.

Exceptions filed to the report of the commissioners were sustained and the report set aside by the trial court on the grounds that all of the highway department's witnesses admitted that there were damages to the residue, but none had been allowed. A new commission was appointed and their report, awarding $12,000 for the land and buildings taken and $1700 damages to the residue beyond the enhancement in value of the remaining land, was confirmed by the

trial court. To the final judgment order we awarded a writ of error and *supersedeas*.

The sole question involved is whether the trial court erred in setting aside the report of the first commissioners.

The highway commissioner presented three witnesses who testified as to the value of the land taken and the buildings thereon, damages to the residue, and the enhancement in value of the residual lands of the defendants-in-error. The undisputed relevant evidence is hereinafter stated.

John W. Nicar, district engineer for the highway department, testified that the value of the land taken was $7531; that $3800 was a fair allowance to remove and reconstruct a store building, and $500 to remove a log building; making a total of $11,831 as just compensation for the property taken. He further testified as follows:

"Then in the way of damages I figure there is damage, not offset by enhancement. I think for the most part the inconvenience of travel is offset by enhancement by reason of improving this road over and above what it is now. I will elaborate more fully on that fact, by reason of that whole area adjacent to that little creek is subject to flood. Water has been in that store building, to my knowledge, has been all over that area, in front of it. The removal of that old bridge, which is clogging that water up, and carrying it on away from there will be an advantage.

"Outside of the damages and inconvenience that will result there, he will have this water loss, and the water loss can be reconciled for some $300. About $200 for piping it down there from this branch and $100 for building a trough in that corner, if he ever wants water in that boundary. It is not being used in it now, and to my knowledge I don't know when it ever was.

"Then, of course, you have the moving of his business out of there. He will have to move that stock that he has in his store, move it out and store it for a little while somewhere, and then put it back into the new building, and that I figure will amount to about $300. Whether or not he has a water tap over there, I am not sure, but I assume that he has a water tap to his dwelling from the Goodson-Kinderhook line. If he does, that will have to be restored, and that will cost about $100, to provide conduit and permit for that, for running that line back over to his dwelling. So that makes a total, in my opinion, as to damages to the residue not offset by enhancement of $700, I believe that the total there would be $12,531, and I think

that is adequate compensation for the land that is to be taken, the removal of improvements and the damages to the residue, if any.

"Q. Mr. Nicar, have you considered the residue as to what position it lies in reference to the new service road that will be built along there?

"A. Yes, sir. I have considered that as an enhancement, because he has some—he will have some real nice land left adjacent to that service road, and as I pointed out before, the grades are easy and access can be had at most any point along the whole stretch of road.

"Q. How much value of enhancement do you figure is there?

"A. Well, it will increase $500 an acre of land to $1700 an acre of land there on this front strip. I don't think there is any question about that. In my opinion we are buying the $1700 acre land here and this back, in my opinion, is about $500 an acre, so the enhancement there on that basis will be $1200 an acre for about five or six acres."

William M. Williams, an appraiser for the Bristol district of the highway department testified that the total value of the land taken was $6545; that the cost to replace the store building, which is 20 x 30 feet, including the restoration of the little area in front of it to make it accessible to the highway, would be $3938; that the fair value of the very old log building was $300; that the damages to the remaining land on account of the lack of water, the cost of obtaining same, and the storage of merchandize and equipment while the store building is under construction, would be $700; and that three acres of the landowners' remaining land would enhance in value $3000 on account of the construction of the adjacent service road.

R. Dalton Musick, a real estate appraiser, testified that the total damages to the residue would be $900, and the total enhancement of the residue would be $3000, which is greater than the damages.

The landowners presented several witnesses whose valuations of the property taken, and estimate of damages to the residue beyond its enhancement, were in conflict with the testimony of the witnesses for the highway commissioner.

It is true that the evidence shows, as recited in the trial court's order, that all the witnesses for the highway commissioner testified that there were damages to the residue but the commissioners allowed none. But it is also true that the evidence of Williams and Musick shows that the enhancement in value of the landowners' residual land, by reason of the construction or improvement of the service road by

the highway department, exceeded the amount of damages. The other witness, Nicar, stated at one point in his testimony that there were damages to the residue not offset by the enhancement, but he also stated at another point that the enhancement in value of the residue by reason of the construction of the new service road by the highway department was greater than the amount of damages to the residual lands.

Nicar's evidence presents the question of whether the highway commissioner is bound by his testimony that the landowners suffered damages to the residue beyond its enhancement. The highway commissioner contends that he is not bound by Nicar's testimony; while on the other hand, the landowners say that Nicar, a district engineer for the highway department, is the alter ego of the highway commissioner, who did not testify, and the plaintiff-in-error is bound by his testimony.

The rule that a party is bound by his own testimony given at a trial is applicable to the litigant himself, but it has no application to a witness offered by a litigant. *Birtcherds Dairy* v. *Randall*, 180 Va. 311, 315-316, 23 S. E. 2d 229, 233; *Massie* v. *Firmstone*, 134 Va. 450, 462, 114 S. E. 652, 656. In the instant case Nicar is an employee of the highway department and does not stand in the shoes of the highway commissioner. He is not a party litigant, only a witness, and the highway commissioner is not bound by Nicar's testimony.

It often happens that witnesses testifying for a party litigant give conflicting evidence with respect to material issues. In such a situation it is for the jury to determine which testimony, other than that of the litigant himself, it will accept or reject. *Birtcherds Dairy* v. *Randall, supra* (180 Va. at pp. 315, 316, 23 S. E. 2d at p. 232); *Diggs* v. *Lail*, 201 Va. 871, 877, 114 S. E. 2d 743, 748.

The principle is well settled that the finding of the commissioners in a condemnation proceeding is entitled to great weight and is not to be disturbed except upon clear proof that it is based on erroneous principles of law in assessing damages, or unless their report shows bias, prejudice or corruption. The reason for the weight accorded the report of the commissioners is that they may base their findings on facts obtained by their own view of the property which do not appear in the record. *Virginia Electric & Power Co.* v. *Pickett*, 197 Va. 269, 275, 89 S. E. 2d 76, 80; *Appalachian Elec. Power Co.* v. *Gorman*, 191 Va. 344, 357-358, 61 S. E. 2d 33, 40; *Williamson* v. *Read*, 106 Va. 453, 454, 455, 56 S. E. 174;

6 Mich. Jur., Eminent Domain, § 78, p. 766. See also *Watts* v. *State Highway Commissioner* (this day decided), 202 Va. 166, 115 S. E. 2d 899.

There is no evidence in this case that the commissioners disregarded the instructions of the court or proceeded on erroneous principles; nor is there any assertion that they were biased, prejudiced or corrupt in the performance of their duties.

The trial court fully and correctly instructed the commissioners, without objection, on all the principles applicable to the proceeding. The instruction on the question of damages to the residue, if any, complied with our holding in *Long* v. *Shirley*, 177 Va. 401, 409, 14 S. E. 2d 375, 378 (see also anno. 145 A. L. R. p. 283, et seq.) construing the plain and express language of § 33-73, Code of 1950, 1953 Replacement Volume. Section 33-73 reads as follows:

"In all cases under the provisions of this article, the enhancement, if any, in value of the remaining property of the landowner by reason of the construction or improvement contemplated or made by the Commissioner, shall be offset against the damage, if any, resulting to such remaining property of such landowner by reason of such construction or improvement. But such enhancement in value shall not be offset against the value of the property taken. And if such enhancement in value shall exceed the damage, there shall be no recovery over against the landowner for such excess."

The commissioners viewed the property and they were told under the court's instructions that they were not bound by the opinion of experts or by the apparent weight of the evidence, but could give their own conclusions based upon their view of the property. The court further told them that this principle of law did not mean they could take arbitrary and capricious action and return awards not related to the value of the property taken or damage to the residue, if any. See *Virginia Electric & Power Co.* v. *Pickett, supra* (197 Va. at p. 276, 89 S. E. 2d at p. 81.)

It is perfectly manifest when we consider the evidence of Williams and Musick in the light of § 33-73, Code, the court's instructions, and the commissioners' own view of the premises, that there was credible evidence to support the commissioners' finding that the damages to the residue were offset by the enhancement in value of the landowners' residual land by reason of the construction and improvement contemplated or made by the highway commissioner.

Hence their report that there were no compensable damages to the residue was not founded on erroneous principles.

It should be noted that the first commissioners awarded the landowners as just compensation for the lands and buildings taken the exact total amount Nicar stated was the value of the lands and buildings taken plus the damages to the residue. This finding simply indicates that under all the evidence they concluded that the value of the lands and buildings taken was more than Nicar placed on them, since they clearly stated in their report that there were no damages to the residue in excess or beyond the enhancement. They had a right to do that under the conflicting evidence, from their own view of the property and the court's instructions.

Section 33-64,[1] Code of 1950, 1953 Replacement Volume, gives a trial court the same power over the commissioners' reports as it now has over verdicts of juries in civil actions.

In the trial of a civil action where the case has been submitted to a jury under proper instructions and a verdict fairly rendered, the trial court is without power to set it aside, unless there has been a plain deviation from right and justice, or unless it is plainly contrary to the evidence or without evidence to support it. *Forbes & Co.* v. *Southern Cotton Oil Co.*, 130 Va. 245, 259, 260, 108 S. E. 15, 19, 20; *Hoover* v. *Neff & Son*, 183 Va. 56, 60, 62, 31 S. E. 2d 265, 267-268.

■ The landowners argue that the trial court properly set aside the commissioners' report because the award made for damages to the residue by the second commissioners shows that the first commissioners acted arbitrarily.

There is no merit in this contention. It seldom happens that separate juries or commissions, hearing the same set of facts, arrive at the same conclusion in fixing the amount of damages. That alone does not indicate that one of the two juries or commissions acted arbitrarily.

Where there are two or more verdicts, appellate courts are to consider the record and pass upon errors in the order of their commitment, and if the errors committed justify a reversal that will be ordered without looking into subsequent proceedings. *Bostic* v. *Whited*, 198 Va. 237, 238, 93 S. E. 2d 334, 335; *Judge* v. *Burton*, 198 Va. 664, 669, 96 S. E. 2d 120, 124.

---

[1] Amend, 1960 Cum. Supp.

For the reasons given, we hold that there was no proof that the findings of the first commissioners were based on erroneous principles; that there was credible evidence before the first commissioners, and from their own view of the premises, to support their finding that the enhancement in value to the residual lands of the defendants-in-error, by reason of the construction and improvement contemplated by the highway commissioner, exceeded and offset the amount of damages thereto; and that their report stating that there were no compensable damages to the residue should not have been set aside.

The judgment setting aside the report of the first commissioners is reversed, their report reinstated, and final judgment entered here upon the award of the first commissioners. See *Grubb* v. *Shirley*, 174 Va. 204, 212, 5 S. E. 2d 475, 478.

*Reversed and final judgment.*