## Richmond

### WALTER BROWN, ET AL. v. S. D. MAY, STATE HIGHWAY COMMISSIONER.

November 28, 1960.

Record No. 5144.

Present, All the Justices.

The opinion states the case.

*W. Clyde Dennis* and *S. H. Sutherland* (*Donald A. McGlothlin*, on brief), for the appellants.

*M. Ray Johnston, III, Assistant Attorney General* (*A. S. Harrison, Jr., Attorney General; W. P. Bagwell, Jr., Assistant Attorney General*, on brief), for the appellee.

I'ANSON, J., delivered the opinion of the court.

The State highway commissioner filed this suit in September, 1958, to condemn in fee simple 29 separate strips or parcels of land, averaging 2½ feet in width, lying along highway 460 in Buchanan county, to be used in connection with the widening of that part of the highway running through the town of Grundy and extending three or four miles south of the town, together with the right and easement to use additional parcels of land which were required for the proper execution and maintenance of the construction work. The ownership of the separate parcels was in 75 persons who were all made parties defendant to this suit.

After viewing each parcel of land separately, hearing evidence as to each parcel and those adjacent thereto, and considering the court's instructions, the commissioners filed a single report describing each parcel taken, "together with the right and easement to use additional

areas shown as being required for the proper execution and maintenance of the work," and making separate awards for compensation and damages for each parcel. Appellants filed exceptions to the commissioners' report, along with other parties defendant not appealing, on the grounds that it was improper for the highway commissioner to join the owners of the separate tracts of land in one proceeding, the lands taken were not adequately described in the petition, certain evidence was improperly admitted or excluded, and the awards were based on erroneous principles and were grossly inadequate.

After hearing evidence the court overruled the exceptions and entered an "order" (sometimes referred to in the record as a "decree"), confirming the commissioners' report, and Walter Brown, et al., owners of 14 of the 29 parcels, all lying within the town of Grundy, are here as appellants on an appeal granted to the final order of the court below.

A brief description of the lands taken and the awards of the commissioners for compensation and damages to the appellants follows:

(1) *Tract owned by Walter Brown, et al.* Strip 2½ feet wide and 98 feet long, containing 242.5 square feet, and a temporary easement to use adjoining lands during widening of highway, as shown on map. Commissioners awarded $121.25, with no damages resulting to the remaining lands of the owners beyond the enhancement in value by reason of the widening of the highway.

(2) *Tract owned by Ira Blankenship, et al.* Strip 2½ feet wide containing 250 square feet, and a temporary easement for use of adjoining lands during construction work on highway, as shown on map. Commissioners awarded $125 and $1250 damages to residue, for a total of $1375.

(3) *Tracts owned by Lonza Ratliff, et al.* Two parcels or strips 2½ feet wide containing a total of 239.5 square feet, and a temporary easement for use of adjoining lands during widening of highway. Commissioners awarded $119.75 with no damages to the residue.

(4) *Tracts owned by Hadley Arrington, et al.* Two parcels or strips ranging from 2½ to 4½ feet wide containing 955 square feet, and a temporary easement for use of adjoining lands. Award: $477.50, damages to residue $50.00, for a total of $527.50.

(5) *Tract owned by S. T. Bowman estate.* Strip 2½ feet wide containing 125 square feet, and a temporary easement for use of adjoining area. Award: $62.50, with no damages to residue.

(6) *Tract owned by Edgar Taylor, et al.* Strip averaging 3 feet

wide, containing 125 square feet and a temporary easement for use of adjoining area. Award: $67.50, with no damages to residue.

(7) *Tracts owned by W. D. Shelton, et al.* Three strips 2½ feet wide containing a total of 452.5 square feet, and a temporary easement for use of adjoining lands. Award: $226.25, damages to residue $300.00, for a total of $526.25.

(8) *Tract owned by Bertha Sutherland, et ux.* Strip 2½ feet wide and 171 feet long, containing 575 square feet, and a temporary easement containing 1868 square feet for sloping land, sodding and planting grass to protect slope and the highway. Award: $287.50, damages to residue $100.00, for a total of $387.50.

(9) *Tract owned by Brady Campbell, et al.* Strip 2½ feet wide, containing 245 square feet, and a temporary easement for use of adjoining lands. Award: $122.50, damages to residue $100.00, for a total of $222.50.

(10) *Tract owned by Ona Griffith, et al.* Strip 2½ feet wide which narrows down to 0, containing 246.5 square feet, and a temporary easement for use of adjoining lands. Award: $123.12, damages to residue $100.00, for a total of $223.12.

The appellants contend that the trial court erred:

(1) In appointing commissioners, because no bona fide effort was made to purchase the lands taken;

(2) In allowing the State highway commissioner to join all the landowners in a single proceeding;

(3) In holding that the lands taken and the easements in the adjoining lands were adequately described in the petition;

(4) In permitting parole testimony to show the extent and duration of the easements;

(5) In confirming the commissioners' report and holding that their awards were not contrary to the law and the evidence;

(6) In admitting and excluding certain evidence;

(7) In not recalling the commissioners for the purpose of advising the court of the manner in which the report was formulated; and

(8) In not providing in the decree that the easements acquired were only temporary.

While not stated in the assignments of error, the appellants now say that the order should be reversed because the suit was instituted in equity instead of at law.

The suit was instituted by the State highway commissioner under title 33, chapter 1, article 5 (§§ 33-57 to 33-75, Code of 1950, as

amended, 1953 Replacement Volume[1]). Proceeding under Code § 33-70 the State highway commissioner took possession of the lands and had practically completed the project before the commissioners viewed the lands and heard the evidence. The work performed included not only the widening of the highway, but also the laying of sidewalks on a part of the highway right-of-way and on the 2½ foot strip taken, building retaining walls and steps for access to lands above and below the highway, and sodding and grassing the slopes.

The appellants' first assignment of error was abandoned at the bar of this Court.

The appellants' next contention is answered by our recent holding in the case of *Watts* v. *State Highway Commissioner*, 202 Va. 166, 115 S. E. 2d 899.

In the *Watts* case, *supra*, separate suits were brought to condemn lands for the same project but the cases were heard together by the same commissioners, who made separate awards for compensation and damages for each parcel of land. We held that Code § 33-60 "contemplates and authorizes a joinder in one petition of owners of distinct parcels of land." We further pointed out that Code § 33-59 provides that the procedure in State highway condemnation cases shall, except as altered by title 33, chapter 1, article 5, be *mutatis mutandis*, the same as is prescribed by law for railroad corporations, and when this section is considered along with § 25-27, Code of 1950, it is made certain that it is within the sound discretion of the trial court to determine whether or not petitions filed by the State highway commissioner to condemn lands for the same project shall be tried separately or together. 202 Va. at p. 173, 115 S. E. 2d at p. 903.

No objection was made to the procedure followed until after the awards were returned by the commissioners, and nothing is alleged or shown by the appellants to indicate that the trial court abused its discretion, or that they were prejudiced thereby.

The appellants conceded in their argument in support of their third asignment of error that the descriptions covering the 2½ foot strips or parcels running along the highway were adequate, but they say that the description, extent and duration of the easements sought are not properly set out in the petition and the court's order, and that it was error to allow the admission of testimony that the easements were temporary and would cease upon the completion of the project, contrary to the allegations in the petition. Hence the third,

---

[1] Certain sections amended and reenacted, others repealed. See Acts of Assembly, 1960, ch. 491, p. 763, 1960 Cum. Supp. to Code.

fourth and eighth assignments of error will be considered together.

The language of the petition relating to easements reads as follows: "* * * together with the right and easement to use the additional areas shown as being required for the proper execution and maintenance of the work * * *." The description and the extent of the easements were clearly shown by green lines on the plats filed with each parcel and made a part of the petition. We held in *Dillon* v. *Davis,* 201 Va. 514, 518, 112 S. E. 2d 137, 140, that such a description was adequate and in conformity with the requirements of the statute.

The question relating to the meaning of language used in the petition as to the duration of the easements was set at rest by the testimony of the first witness for the highway commissioner, who stated that the easements sought were temporary and the rights to be acquired thereunder were to be exercised only while the construction of the project was in progress and would cease upon its completion. It was thus understood by the commissioners, and conceded by all parties, that the right of the highway department to use the adjoining lands would terminate upon completion of the construction of the project.

Later during the proceeding, when testimony was offered relating to the Bertha Sutherland tract, counsel raised the question that the language of the petition does not state that the land shown in green on the plat was to be used as a temporary easement and all rights acquired would cease upon completion of the project, and objected to the introduction of parole evidence to this effect. Counsel for Mrs. Sutherland then stated that he would have no objection to the introduction of such testimony if the petition was amended to make it clear that the easement was to cease upon the completion of the work, and that it be so shown in the final order of the court. The petition was then amended, without objection, by reading into the record the extent and duration of the easement on the Bertha Sutherland tract. The court stated that the final order would show that the rights acquired under the easement would cease upon completion of the project. The order entered, however, did not contain this language and it must be assumed that it was inadvertently left out and counsel did not call the court's attention to it.

All the evidence introduced in the proceeding shows that the case was tried without objection, indeed by agreement of counsel for Bertha Sutherland, on the theory that the rights acquired under the easements ceased upon completion of the project, and the commissioners made their awards on this basis. Counsel for the appellants

recognized this to be correct from statements contained in their brief.

We are of opinion that the duration of the easements should have been included in the final order, but the failure to do so does not justify a reversal of the proceedings, which is asked for by the appellants. A proper amendment to the order will be made here.

"To remand the case for amendment and retrial is to require another trial to test the merits of the same controversy over which the parties have already had their day in court and one fair trial on the merits.

\* \* \* \* \* \* \* \* \*

"This court should never remand a case which it can properly decide (Constitution, section 90) and to end litigation is generally a boon to the litigants and always desirable in the public interest." *Kennedy* v. *Mullins*, 155 Va. 166, 180, 154 S. E. 568, 572. See also § 8-487 (8), Code of 1950, as amended.

There is no merit in the appellants' next assignment of error that the trial court erred in confirming the commissioners' report and holding that their awards were not contrary to the law and the evidence.

The evidence shows that E. M. Harrison, right-of-way agent and appraiser for the State Highway Department, W. M. Williams and W. M. Williams, Jr., appraisers for the Bristol district of the department, testified for the condemner in each case that the fair market value of all the land taken was 50 cents per square foot. Percy V. Crane and L. V. Buchanan, residents of the town of Grundy, who were appointed as appraisers by the town council, testified that the fair and reasonable value of the property was 50 cents per square foot. The awards of the commissioners as compensation for the lands taken, and the temporary use of adjoining lands, were based on the values arrived at by these witnesses.

W. A. Street and L. W. Boyd, residents of the town, who stated they were familiar with real estate values, testified that the fair market value of the lands taken was from $3.00 to $10.00 per square foot. The landowners also fixed such varying amounts as to the fair market value of their land.

The evidence was also conflicting as to the damages to the remaining lands of the appellants. The court correctly instructed the commissioners, without objection, that in determining the amount of damages, if any, to appellants' remaining lands they shall offset

the enhancement in value of the residue, if any, by reason of the construction of the project. See *May* v. *Malcolm,* 202 Va. 78, 82, 116 S. E. 2d 114, 118. It is apparent from the commissioners' report that they concluded there was enhancement in value of the landowners' remaining lands by reason of the construction of the project.

It is not unusual for real estate appraisers to differ widely in their opinions as to the fair market value of property, and an award made by commissioners based on the minimum figure mentioned in the evidence does not in itself show that the award is grossly inadequate.

We have repeatedly said that the finding of the commissioners in a condemnation proceeding is entitled to great weight, and where the evidence before them is conflicting their report is not to be disturbed by the trial court or this Court except upon clear proof that it is based on erroneous principles, or unless the awards are so grossly inadequate or excessive as to show bias, prejudice or corruption. The reason for the weight accorded the report of the commissioners is that they may base their findings on facts obtained by their own view of the property which do not appear in the record. *May* v. *Malcolm, supra,* 202 Va. at p. 82, 116 S. E. 2d at p. 118; *Watts* v. *State Highway Commissioner, supra,* 202 Va. at p. 174, 115 S. E. 2d at p. 904; *Electric & Power Co.* v. *Pickett,* 197 Va. 269, 275, 89 S. E. 2d 76, 80; *Appalachian Electric Power Co.* v. *Gorman,* 191 Va. 344, 357-358, 61 S. E. 2d 33, 40; *Williamson* v. *Read,* 106 Va. 453, 454, 455, 56 S. E. 174; 6 Mich. Jur., Eminent Domain, § 78, p. 766.

Nothing in the record indicates that the commissioners disregarded the instructions of the court, which properly and fully covered the law, or proceeded on erroneous principles; nor is there any allegation that they were biased, prejudiced or corrupt in the performance of their duties.

The appellants next say that the court erred in admitting and excluding certain evidence.

The only evidence pointed out as being improperly admitted was the testimony of a representative of the State Highway Department that the State would cut an opening in the concrete curb to provide an entrance to the Taylor property, tract No. 6. No objection was made to this testimony. Indeed, it came as the result of a statement of the owner that no opening had been left in the curb, and in fulfillment of the desire of the owner that it be provided.

Complaint is made that appellants Hadley Arrington, owner of tract No. 4, Lonza Ratliff, one of the owners of tract No. 3, and Bessie Bowman, one of the owners of tract No. 5, were not permitted

to introduce evidence to show loss of profits from the operation of their respective businesses. The evidence was properly excluded. Profits or losses from the operation of a business are too speculative and uncertain to be considered in determining value and may not be shown. *Ryan* v. *Davis*, 201 Va. 79, 82, 83, 109 S. E. 2d 409, 412.

Appellant Lonza Ratliff, one of the owners of tract No. 3, was not permitted to testify that he would not have taken $10 per square foot for his property. The evidence was properly excluded. The test to be applied in determining values is: What is the fair market value?

Objection was sustained to a question propounded to a witness relating to the Bertha Sutherland tract, No. 8, on the ground that it was leading. We find no error in the court's ruling.

The appellants refer in their brief to other instances of the court's exclusion of evidence, but in many cases no objections or exceptions were taken to the court's rulings and they will not be considered here. Rules of the Court, 1:8. Where objections or exceptions were properly saved, the points were without merit.

■ The appellants' contention that the court should have recalled the commissioners for the purpose of requiring them to advise the court of the manner in which they formulated their report, and on what evidence it was based, is without merit.

In support of this contention the appellants say that the awards were grossly inadequate, arrived at by applying erroneous principles and the admission of improper evidence and the exclusion of proper evidence. As previously pointed out, no allegation is made that the awards were arrived at by fraud, collusion, corruption or improper conduct on the part of the commissioners.

Section 33-64[2], Code of 1950, as amended, Acts of Assembly, 1956, ch. 580, p. 938, relating to the report of the commissioners, provides in part as follows:

"Unless an allegation be made or evidence produced of fraud, collusion, corruption or improper conduct, no testimony shall be received from the commissioners for the purpose of explaining or clarifying the the report or the compensation and damages therein set forth. At the hearing of exceptions to the commissioners' report on the grounds that the award is grossly excessive or inadequate or that the com-

---

[2] Amended, Acts of Assembly, 1960, ch. 491, p. 765, to provide that upon hearing of exceptions to commissioners' report the court shall not recall or question the commissioners as to the manner in which their report was formulated in the absence of a written allegation in the exceptions that fraud, collusion, corruption or improper conduct entered into the report.

missioners misunderstood the instructions or proceeded upon erroneous principles, or that there was fraud, collusion, corruption or improper conduct, the court or judge in vacation, may require the commissioners to attend and advise the court or judge, as the case may be, as to the manner in which the report was formulated."

The statute gives the court discretionary power as to whether it will recall the commissioners where it is alleged that the award is grossly excessive or inadequate or that the commissioners misunderstood the instructions or proceeded upon erroneous principles, or that there was fraud, collusion, corruption or improper conduct. Cf. § 25-18.1, Code of 1950, as amended. See *Gas Corporation* v. *Horner*, 200 Va. 824, 830, 831, 108 S. E. 2d 403, 407.

At the hearing on the exceptions to the commissioners' report nothing appeared which indicated that their awards were based on erroneous principles of law, such as appeared under the facts in the *Horner* case, *supra*, and no request was made of the court to exercise its discretion and recall the commissioners for the purpose of requiring them to explain the manner in which the awards were formulated. The appellants' contention appears for the first time in the assignments of error, after the entry of the court's final decree.

The appellants now say for the first time in this proceeding that we should reverse the order of the court below because it was brought on the equity side of the court instead of the law side. They say that eminent domain proceedings are to be brought on the law side of the court, and cite our recent holding in *Dove* v. *May*, 201 Va. 761, 762, 763, 113 S. E. 2d 840, 841.

The appellants have not been prejudiced under the procedure followed. They filed responsive pleadings and participated in the hearings without raising the question they now raise. The suit was brought in the circuit court, which has both law and equity jurisdiction, presided over by the same judge. The procedure outlined under title 33, chapter 1, article 5 was followed, and would have been no different if the proceeding had been filed on the law side of the court. It is not a jurisdictional matter, and it now becomes immaterial as to which side of the court the proceedings were had, since a hearing has been held on the merits without objection. The appellants could have moved to transfer the suit to the law side of the court under § 8-138, Code of 1950, and since they made no such motion they waived their rights and cannot now complain. See *Norfolk & Western R. Co.* v. *Allen*, 122 Va. 603, 608, 609, 95 S. E. 406, 407. The fact that the court of equity proceeded to administer legal remedies

and establish legal rights as a substitute for a court of law, rather than as a court of equity, does not under the circumstances of this case constitute such an error as to require a reversal. *Smith* v. *Smith*, 92 Va. 696, 698, 24 S. E. 280; *Iron City Bank* v. *Isaacsen*, 158 Va. 609, 637, 164 S. E. 520, 529. Hence there is no merit in the appellants' contention.

For the reasons given, the order of the court below is modified to read that the rights and easements to use the additional areas, marked in green, as shown on the plat filed with the description of each parcel in the trial court, required for the proper execution and maintenance of the construction of the project, are temporary rights and easements and shall cease and determine when that part of the project adjacent to all the lands taken in this proceeding has been completed, at which time the State highway commissioner shall have no further right to or interest in the use of the rights and easements obtained. A copy of the order entered in the court below, with its modification or amendment made here, shall be spread both on the chancery order book, pursuant to § 17-28, Code of 1950, and the common law order book of the Circuit Court of Buchanan County by its clerk, and he shall index in the proper index to deeds in his office the names of all parties to the original proceeding, making reference to the order here modified or amended.

The State highway commissioner having substantially prevailed, all costs involved in this appeal shall be borne by the appellants.

*Modified and affirmed.*