# E. Alan Knewstep, III

## v.

# Charles L. Jackson, et al.

Record No. 931545

September 16, 1994

Present: All the Justices

R. *Scott Pugh* for appellant.
*Nancy W. Jackson (Charles L. Jackson*, on brief), for appellees.

JUSTICE STEPHENSON delivered the opinion of the Court.

In this appeal, we determine whether the trial court erred in establishing and locating an easement of right-of-way.

On November 13, 1987, Charles L. Jackson, Nancy W. Jackson, and Henry S. Boston (collectively, the Jacksons) filed a chancery suit against E. Alan Knewstep, III, and Judy Ann Knewstep (the Knewsteps), seeking to establish a right-of-way between the Jacksons' property and State Highway Route 673 in Orange County. The cause was referred to a commissioner in chancery, who, after conducting a hearing, reported the existence of such right-of-way. The trial court overruled the Knewsteps' exceptions to the report and, on July 21, 1993, entered a decree confirming the report and establishing the right-of-way. E. Alan Knewstep, III, appeals.

The material facts are undisputed. In 1977, George R. Holladay acquired a 176.38-acre tract of land in Orange County, known as Red Rock Farm. By deed dated March 14, 1980, Holladay and his wife conveyed 4.976 acres of the 176.38-acre tract to A. Russell and Frances R. Barbee (the Barbees). The 4.976-acre tract was shown and described on a plat of survey attached to and made a part of the 1980 deed (the Holladay-Barbee plat). The 1980 deed contains the following provision:

The property conveyed hereby is conveyed subject to a nonexclusive 30′ foot right of way leading from Virginia State Route 673 along the lines of Grimsby and Peyton, *as shown on said plat*, which said nonexclusive right of way is hereby reserved for the benefit of the residue of the property retained by the [Holladays].

(Emphasis added.)

The Holladay-Barbee plat shows the following: (1) the 4.976-acre tract contains a pipestem at its northwest corner; (2) the pipestem does not touch any portion of State Route 673; and (3) the 30-foot right-of-way within the pipestem is on the eastern boundary of the pipestem and does not touch any portion of the western boundary of the pipestem.

By deed dated August 20, 1984, the Barbees conveyed the 4.976-acre tract to the Knewsteps. In addition, the Barbees conveyed to the Knewsteps a .0474-acre parcel, which the Barbees had acquired from another. The .0474-acre parcel provides a "bridge" from the northern end of the pipestem to State Route 673. Thus, the .0474-acre parcel lies between the northern end of the 30-foot right-of-way and State Route 673.

By deed dated September 19, 1986, the Holladays conveyed to the Jacksons a three-acre portion of the Red Rock Farm. This deed refers to "a nonexclusive easement and right of way thirty (30) feet in width . . . to State Secondary Route Number 673." The plat attached to the deed shows that the 30-foot right-of-way terminates at State Route 673. However, undisputed evidence established that the pipestem, including the 30-foot right-of-way, does not touch any portion of State Route 673.

█ In his report, the commissioner acknowledged that the Holladays never had an easement of record to State Route 673.* In that regard, the commissioner stated as follows:

> In other words, if the Plat of survey controls the location, course, and destination of the easement, it is an easement to nowhere, since someone using the easement cannot reach the present course of Rt 673 without [going] outside the easement.

Notwithstanding this finding, however, the commissioner further stated:

> In the final analysis, Holladay reserved a right of way "from Route 673." These words are meaningless unless the reserved easement allows access to the property line of Knewstep nearest that roadway, which requires that it depart at some point from the 30 foot strip nearest [Grimsby], et al.

---

* The only issue in this case is whether a recorded easement exists; no prescriptive easement was established by the evidence.

The trial court, in overruling the Knewsteps' exceptions to the report, stated the following:

> The intention is clear that the property still owned by Holladay at time of conveyance to Barbee, which includes [the Knewsteps'] lots, would have access to the public highway over the roadway then existing. Rules of construction cannot be held to defeat the clear intention. As it was put in the record, Holladay did not intend to reserve an easement of right of way to nowhere.

We think the trial court's conclusion is contrary to established law and the undisputed evidence.

The deed from the Holladays to the Barbees makes apparent that the easement reserved is "as shown on" the Holladay-Barbee plat. Clearly, the easement "as shown on" the plat does not connect with State Route 673. Additionally, the evidence is undisputed that the Holladays never owned an easement that connected to State Route 673, and, obviously, they could reserve only that which they owned.

Accordingly, we will reverse the trial court's judgment and enter a final judgment in favor of E. Alan Knewstep, III.

*Reversed and final judgment.*