PRESENT: Carrico, C.J., Compton, Lacy, Hassell, Koontz, and
         Kinser, JJ., and Whiting, Senior Justice

E. ALAN KNEWSTEP, III

                              OPINION BY
v. Record No. 990333    SENIOR JUSTICE HENRY H. WHITING
                              January 14, 2000
CHARLES L. JACKSON, ET AL.

                FROM THE CIRCUIT COURT OF ORANGE COUNTY
                     F. Ward Harkrader, Jr., Judge

     In this appeal, we consider (1) whether the user of a

right of way is bound by a prior judicial decision, to

which he was not a party, that no such right of way

existed, and (2) if not so bound, whether the user

established his claimed right of way.  After hearing

evidence on these issues, the trial court held in favor of

the user.  The servient owner appeals.

     In March 1980, George R. Holladay and Catharine M.

Holladay, his wife (collectively Holladay), conveyed 4.976 acres

from his 176.38-acre farm in Orange County to A. Russell and

Frances R. Barbee (the Barbees).  The 4.976-acre tract contained

a pipestem at its northwest corner that ran in a north-south

direction.  Part of the 30-foot right of way in dispute ran

along the east side of the approximately 43-foot wide pipestem.

     The 4.976-acre tract and right of way were purportedly

shown and described in a plat of survey attached to and made a

part of the deed (the Holladay-Barbee plat).  The deed contains

the following provision:

> The property conveyed hereby is conveyed subject to a nonexclusive 30' foot right of way <u>leading from Virginia State Route 673</u> along the lines of Grimsby and Peyton, <u>as shown on said plat</u>, which said nonexclusive right of way is hereby reserved for the benefit of the residue of the property retained by the [Holladays].

(Emphasis added.)

Contrary to the description in the deed, the Holladay-Barbee plat did not show that the 30-foot right of way led from State Route 673 (Route 673). Instead, the plat showed that the right of way led in a southerly direction from the southern boundary of a .0474-acre parcel (the corral) which was situated between Route 673 and the northern edge of the right of way.

The Barbees acquired the corral from a person other than Holladay. In 1984, they conveyed the corral and the 4.976-acre tract to E. Alan Knewstep, III, and another person. Subsequently, Knewstep acquired the other person's interest.

In 1986, Holladay conveyed three acres of the farm south of Knewstep's 4.976 acres to Charles L. Jackson and Nancy W. Jackson together with the right to use the 30-foot easement to Route 673. The northern portion of the right of way was shown on an attached plat as turning to the west across Knewstep's pipestem to connect to Route 673.

When Knewstep refused to permit the Jacksons to cross the pipestem to reach Route 673, they filed a suit against him in which they sought to establish the right of way over Knewstep's

4.976-acre tract and the corral to Route 673.  Holladay was not a party to that suit.

Reversing the trial court's ruling that the right of way extended to Route 673, we said:

> The Holladay-Barbee plat shows the following: (1) the 4.976-acre tract contains a pipestem at its northwest corner; (2) the pipestem does not touch any portion of State Route 673; and (3) the 30-foot right-of-way within the pipestem is on the eastern boundary of the pipestem and does not touch any portion of the western boundary of the pipestem.

Knewstep v. Jackson, 248 Va. 300, 302, 448 S.E.2d 609, 610, (1994).  (Knewstep I).

Accordingly, we held:

> The deed from the Holladays to the Barbees makes apparent that the easement reserved is "as shown on" the Holladay-Barbee plat. Clearly, the easement "as shown on" the plat does not connect with State Route 673. Additionally, the evidence is undisputed that the Holladays never owned an easement that connected to State Route 673, and, obviously, they could reserve only that which they owned.

Id. at 303, 448 S.E.2d at 611 (emphasis added).

Knewstep later filed an action at law against the Jacksons to establish the boundary line between their properties and joined Holladay as an additional defendant in an amended motion for judgment.  Holladay still owned most of the farm from which he had conveyed the Knewstep and Jackson properties.

Holladay filed a cross-bill in which he sought to reform the Holladay-Barbee plat to correct its allegedly erroneous depiction of the location of the right of way as beginning on

the south side of the corral.[1]  At a hearing before the court,

Holladay sought the recordation of a corrected survey to reflect

that the right of way turned to the west across Knewstep's

pipestem to reach Route 673.  After hearing evidence, the court

decreed that the plat would be reformed and recorded as

requested and also established the respective Knewstep and

Jackson boundary lines.  Knewstep appeals from that part of the

judgment which ordered reformation of the plat.

Knewstep contends that the issue of Holladay's right to

provide access to Route 673 was settled in Knewstep I, and that

Holladay is bound by that holding in accordance with principles

of stare decisis.  We find no merit in this contention.

As we noted in Commercial Business Systems, Inc. v. Halifax

Corporation, 253 Va. 292, 297, 484 S.E.2d 892, 894 (1997),

"under the doctrine of stare decisis, the principles of law as

applicable to the state of facts in [an earlier case] will be

adhered to, and will apply in later cases where the facts are

substantially the same, even though the parties are different."

(Emphasis added.)  In this case, however, the facts are not

substantially the same.  In Knewstep I, apparently there was no

---

[1] This action at law was filed under the provisions of Code
§ 8.01-179.  Yet the clerk docketed it as a chancery suit.
Since the parties and the court have treated the matter as a
chancery suit, we also do so.  See Brown v. May, 202 Va. 300,
309, 117 S.E.2d 101, 108 (1960) (appellate court will not

effort to reform the Holladay-Barbee plat, and it was not reformed. In the present case, however, Holladay, not a party to Knewstep I, sought reformation of the plat.

Additionally in Knewstep I, the evidence was "undisputed that [Holladay] never owned an easement that connected to State Route 673." 248 Va. at 303, 448 S.E.2d at 611. In contrast, Holladay, after qualifying as an expert witness on the subject of surveying "with long familiarity of many generations with the property," testified in this case that he had such an easement. Holladay's claim is grounded in part on Code § 33.1-184 which provides in pertinent part that "the center line of passage [of a public road] shall be presumed to be the center of the way and in the absence of proof to the contrary the width shall be presumed to be thirty feet." This statutory provision applies to public roads acquired by grant. Commonwealth v. Kinzie, 165 Va. 505, 510-11, 183 S.E. 190, 193 (1936)

In support of his claim of an easement to Route 673, Holladay testified essentially as follows: The western edge of the 43-foot wide pipestem was the center line of Route 673 which is presumed to be 15 feet on each side of its center line. This meant that the eastern half of Route 673 encompassed the western 15 feet of the pipestem. On or before 1946, a part of Route 673

consider transfer from equity to law side if issue not raised in trial court).

5

was relocated to eliminate a sharp corner adjacent to the pipestem by creating a gradual curve immediately to the west of the corner.  Although the eastern edge of the relocated gradual curve did not abut the right of way, it was within 13 feet of the western edge of the 43-foot wide pipestem.

There had apparently been no statutorily required proceedings to terminate the public easement in the 15-foot eastern area encompassed by the former sharp corner.  Thus, Holladay and his grantees, as members of the public, had the right to cross the 13-foot gap between the western edge of their 30-foot right of way in the pipestem and the relocated Route 673.  See Ord v. Fugate, 207 Va. 752, 758, 152 S.E.2d 54, 59 (1967) (decided under statutes revised in 1950); Moody v. Lindsey, 202 Va. 1, 6, 115 S.E.2d 894, 898 (1960) (decided under statutes still in effect after 1940 and before 1950).

Hence, there was evidence in this case that Holladay had an easement to Route 673.  Accordingly, we reject Knewstep's stare decisis argument.

Next, Knewstep asserts the preclusive effects of collateral estoppel, laches, and the statute of limitations "as more particularly set forth in Knewstep's Memorandum of Law and Reply Brief filed in the Circuit Court."  We do not consider arguments based on memoranda and briefs filed in the trial court.  Swisher v. Commonwealth, 256 Va. 471, 478, 506 S.E.2d 763, 767 (1998)

6

cert. denied, ___U.S. ___, 120 S.Ct. 46 (1999).  Hence, we take no notice of these contentions.

Since we conclude that Holladay was not bound by Knewstep I, we turn to the merits of Knewstep's appeal.  First, Knewstep contends Holladay failed to produce the required clear and convincing evidence that the Barbees shared Holladay's mistaken belief that the reserved right of way turned to the west across Knewstep's pipestem to reach Route 673.  See Ayers v. Mosby, 256 Va. 228, 233, 504 S.E.2d 845, 848 (1998) (clear and convincing evidence required to support reformation of instrument because of mutual mistake of fact).  Holladay responds that there was sufficient clear and convincing evidence to establish the mutual mistake of fact required to support a reformation of the plat.

We agree with Holladay.  Although the internal inconsistency previously noted between the Holladay-Barbee deed and its plat suggests that the grantors and grantees may have been mutually mistaken about the location of the right of way near Route 673, more significant evidence supports the finding of a mutual mistake of fact.

Holladay, the only party to the Holladay-Barbee deed who testified, stated that a gravel driveway located at the northern end of the right of way crossed Knewstep's pipestem in a westerly direction to reach Route 673 and that he and others, including the Barbees, used the driveway as a means of access to

7

and from Route 673.  In his testimony, Holladay also referred to the 30-foot right of way shown on a plat attached to the Holladays' 1977 deed for another part of the farm to George M. Peyton and Elisabeth F. Peyton (the Holladay-Peyton plat). The Holladay-Peyton plat was recorded with the deed and corroborated Holladay's testimony by showing the right of way crossed Knewstep's pipestem in the manner described by Holladay.

Knewstep traces his title from Barbee who acquired Knewstep's 4.976 acres of Holladay's larger tract from Holladay after Holladay's conveyance to Peyton.  All these conveyances apparently being duly recorded and indexed, Knewstep acquired constructive notice that Holladay-Peyton right of way bound his property.  See Allen v. Green, 229 Va. 588, 594, 331 S.E.2d 472, 476 (1985); Chavis v. Gibbs, 198 Va. 379, 382, 94 S.E.2d 195, 197 (1956).

Additionally, Holladay's testimony supported an inference that the Barbees had actual notice of the correct location of the easement when they accepted the Holladay-Barbee deed.  This notice arose from the visible presence of the gravel driveway and its use by Holladay and others to whom he had granted similar rights of way over the pipestem.  The presence and use of this visible driveway were sufficient to support an inference that the driveway evidenced an easement by implication applicable to the Barbee-Knewstep parcel and binding upon the

current owners.  See Scott v. Moore, 98 Va. 668, 683-84, 37 S.E. 342, 347 (1900).

We think that the foregoing evidence was sufficiently clear and convincing to uphold the court's implied finding that the Barbees were aware, and believed, that the right of way was intended to be shown on the Holladay-Barbee plat as turning to the west across the pipestem in order to reach Route 673. Hence, we reject Knewstep's contention that "[t]here certainly is no evidence to support any conclusion that the Barbees were operating under any mutual mistake of fact."

In sum, we conclude (1) that there was sufficient clear and convincing evidence to support the court's finding of a mutual mistake of fact in the location of the easement in the Holladay-Barbee plat, and (2) that Holladay had a right to burden the northern portion of the pipestem to the right of way in order to reach Route 673.  Thus, the court correctly decreed that an amended plat be recorded to show the correct location of the easement.

Accordingly, we will affirm the final decree in that respect.  However, since the amended plat shows part of the easement as crossing the corral, and we find no evidence to support that conclusion, we will reverse the decree in that respect and remand the case to the trial court with directions

9

to have the amended plat further modified to eliminate the part of the easement crossing the corral.

Affirmed in part,
reversed in part,
and remanded.
