# Richmond

WILLIAM D. RYAN, ET AL. v. F. A. DAVIS, STATE HIGHWAY COMMISSIONER.

June 22, 1959.

Record No. 4951.

Present, All the Justices.

The opinion states the case.

*Edward J. Skeens*, for the appellants.

*Francis C. Lee, Assistant Attorney General (A. S. Harrison, Jr., Attorney General; M. Ray Johnston, Assistant Attorney General*, on brief), for the appellee.

WHITTLE, J., delivered the opinion of the court.

This is an appeal from an order entered by the Circuit Court of Arlington County on the 19th day of February, 1958, wherein the court confirmed the report of Commissioners in a condemnation proceeding whereby the condemnees, William D. Ryan and Anna T. Ryan, were awarded the sum of $15,175.

On or about March 20, 1956, the condemner, State Highway Commissioner of Virginia, appellee herein, proceeding under Code, § 33-70, as amended, took possession of certain portions of the Ryans' land, situated in Arlington County, for the purpose of constructing and improving Routes 120 and 211.

As provided by the above statute, the Highway Commissioner filed with the Clerk of the Circuit Court a certificate of deposit in the sum of $15,330, as his estimate of the fair value of the land or interest therein and damages to the remaining land owned by condemnees affected by the construction project.

Condemnation proceedings were thereafter instituted wherein five commissioners were appointed to determine the compensation to be awarded condemnees for the land taken and the resultant damages, if any, to their remaining land. After a view of the land and the hearing of evidence *ore tenus* the Commissioners made an award as follows: For land taken in fee simple $8,688; for easements taken $2,120; for damages to adjacent and other property of the condemnees $4,367; making a total of $15,175, which was $155 less than the amount offered by the Highway Commissioner.

Throughout the proceeding the condemnees offered various objections and some exceptions to the court's rulings, and being dissatisfied with the award, perfected this appeal.

■ On the objections and exceptions condemnees present nine questions for our determination, the first being: Did the trial court err in refusing to strike the testimony of condemner's expert witness, Richard L. Parli, as to the methods used in his appraisal?

There was no proper exception taken to the court's ruling in this instance, and slight argument was presented before us dealing with the question. The record discloses, however, that the expert witness introduced by the Highway Commissioner testified regarding three recognized appraisal methods in determining the fair market value of land taken and the resultant damages to the residue. He explained, however, that the most realistic method was the market data or comparable sales method involving lands in the vicinity which he said was the method that truly gave the fair market value of the land taken and that this was the most reliable method that could be utilized to reveal the fair market value of the land which remained after the taking. The witness fully explained the reason for his valuation and we see no error in the method employed.

■ The second question presented is: Was it error to permit

evidence of the best potential use of condemnees' remaining land in appraising the fair market value before and after a partial taking?

This is directed to the admissibility of evidence as to the highest and best potential use of land when determining the fair market value thereof. Instruction F, given by the court, advised the Commissioners that they were to consider the very things which condemnees now complain prejudiced their case. This instruction was given without objection and thus became the law of the case and cannot be considered by us on appeal. *Judge* v. *Burton*, 198 Va. 664, 96 S. E. 2d 120; *Stanpark Realty Corp.* v. *City of Norfolk*, 199 Va. 716, 725, 101 S. E. 2d 527, 534.

■ We might state, however, that the purpose of introducing evidence of the highest and best use of condemnees' remaining land was to show that the highway construction enhanced the value thereof beyond the damages suffered due to the taking of a portion of the whole. A true test of damages to the residue is the difference in value immediately before and immediately after the taking, and in ascertaining such damages there may be considered every circumstance, present and future, which affects its value. Remote and speculative profits and advantages, however, are not to be considered. *Appalachian Electric Power Co.* v. *Gorman*, 191 Va. 344, 357, 61 S. E. 2d 33, 37, 38; *Pruner* v. *State Highway Commissioner*, 173 Va. 307, 310, 4 S. E. 2d 393, 394. Furthermore, the statutes governing the exercise of the power of eminent domain by the State Highway Commissioner expressly provide that enhancement in value to the remaining property of condemnees shall be set off against the damages by reason of the construction or improvement. Code, § 33-73.

■ The third question presented is: Did the trial court err in excluding evidence as to the going value of condemnees' business operations, and the depreciation thereof subsequent to the taking?

In this instance condemnees contend that evidence of their going restaurant business and income therefrom should have been admitted by the trial court. In other words, that it was proper for them to show their financial losses resulting from the taking. There is no merit in this. Profits or losses from business are too speculative and uncertain to be considered in determining value unless attributable to the intrinsic nature of the property.

While it is proper to show how the property is used, it is usually improper to go into the profits of the business carried on upon the property. Damages cannot be allowed for injuries to the business.

The obvious reason for this is that the owner is entitled only to the value of the property taken and damages to the remainder if any. *Fonticello Co.* v. *Richmond*, 147 Va. 355, 368, 137 S. E. 458; *Stanpark Realty Corp.* v. *City of Norfolk, supra,* 199 Va., at p. 723, 101 S. E. 2d, at p. 533.

█ The fourth question is: Did the trial court err in excluding evidence of damages after the taking, or by instructing the commissioners relating to negligent acts?

Here the condemnees are complaining of the court's giving of Instruction "I"[1], and excluding evidence dealing with damages which the restaurant property sustained in the course of construction of the highway project. This instruction was proper. As aforesaid, the test for fixing the damages to residue land is the fair market value immediately before the taking as compared with the fair market value immediately after the taking, and this rule applies in cases where the taking or construction occurs prior to the time the commissioners make their report as was done in the instant case. *Kornegay* v. *City of Richmond*, 185 Va. 1013, 41 S. E. 2d 45. Such damages as here complained of sound in tort, for which there can be no liability upon the State. *Wilson* v. *State Highway Commissioner*, 174 Va. 82, 90, 4 S. E. 2d 746, 750, 751; *Sayers* v. *Bullar*, 180 Va. 222, 227, 228, 229, 22 S. E. 2d 9, 11, 12; *Eriksen* v. *Anderson*, 195 Va. 655, 79 S. E. 2d 597; Nichols on Eminent Domain, 3rd Ed., Vol. 4, § 14.245[1].

█ The fifth question is: May an expert witness be questioned on cross-examination as to prior inconsistent appraisals?

This deals with the propriety of cross-examining an expert appraiser, put on by the condemnees to establish value. The witness, William P. Parramore, submitted an appraisal before the commissioners wherein he substantiated the value placed on condemnees' property by allowing $4 per square foot for the land taken. On cross-examination he was asked whether he had appraised the same property at a different value on a prior occasion. He first answered in the negative and later testified that he had appraised the land at

---

[1] The Court instructs the commissioners that any damage which the property of Mr. and Mrs. Ryan may have sustained by reason of any wrongful or negligent acts committed during the course of construction of the highway project, is not compensable in this proceeding, but would form the basis of a separate suit.

The commissioners are instructed to disregard any evidence of damage caused by the foregoing, and also to disregard any evidence of annoyance, inconvenience, or loss of business caused by dirt, noise, or temporary obstruction of access caused by the actual carrying on of the construction work.

$3.50 per square foot on two prior occasions. It is elementary that such cross-examination was proper. See Annotation, 39 A.L.R. 2d 251 (§ 24); Nichols on Eminent Domain, 3rd Ed., Vol. 5, § 22.1.

■ The sixth question is: Is evidence of the condemner's deposit into court prior to taking possession of the land admissible in evidence by condemnees?

Here it will be remembered that the Commission allowed the condemnees $155 less than the deposit made by the Highway Commissioner. We had occasion to pass upon the admissibility of such evidence in *Duncan* v. *State Highway Commission*, 142 Va. 135, 141, 128 S. E. 546, where we held that offers made by the condemning party to the owner are in the nature of an attempt to compromise and cannot be proved. (Citing Lewis on Eminent Domain, Vol. 2, § 666) Such offers are made in compliance with the statutory requirement that a *bona fide* effort be made to acquire the land before resorting to condemnation. Section 33-70 of the Code required the Highway Commissioner to make a deposit of a sum believed to be a fair estimate for the land, and damages, if any, prior to taking possession.

This question is now moot, since a recent enactment of the General Assembly repealed § 33-70 and enacted a new section (33-70.6) providing for deposits by the Highway Commissioner, which amended section expressly precludes the introduction of evidence as to the amount so deposited, in conformity with our holding in the *Duncan* case *supra*.

■ The seventh question is: Did the trial court err in refusing to grant the condemnees the privilege of opening and closing argument before the Commissioners?

It has been the traditional practice in this State for the condemner to open and close the argument before Commissioners. Section 33-70 of the Code (in effect at the time of this proceeding) imposed upon the Highway Commissioner the duty to commence and conduct the proceeding where he had taken possession of the land in advance of condemning the same. This burden, placed upon the Highway Commissioner, required him to produce evidence to sustain his allegations throughout the proceeding. Section 33-64 of the Code requires the court to hear the testimony on issues joined.

Condemnees argue that they have the burden of proving damages over and beyond the nominal damages and hence should be permitted to open and close the argument. The record discloses that no such contention was made when the Highway Commissioner made the

opening statement and went forward with producing the evidence. Regardless of the burden of proof, the principle remains that the condemner has the burden of bringing the proceeding and going forward with the evidence. This clearly gives him the right to open and close. *Alloway* v. *City of Nashville*, 88 Tenn. 510, 13 S. W. 123; *Fort Worth and D.N. Ry. Co.* v. *Johnson*, 125 Texas 634, 84 S. W. 2d 232.

■ The eighth question presented is: Did the trial court err in refusing to tax as costs against the State Highway Commissioner attorney's fees and cost of a scale model prepared at the instance of the landowner?

In this connection the record discloses that on motion of the condemnees the court granted, in addition to the regular taxable costs, a liberal allowance for surveys and expert witness fees, and denied as costs an attorney's fee of $1500 and the cost of three dimensional scale model drawings totalling $207.57.

The taxing of costs in litigation is a creature of statute and was unknown at common law. Section 14-197 of the Code expressly prohibits the taxing of any costs against the Commonwealth in any proceeding unless otherwise expressly provided. Section 33-65 of the Code provides an exception in proceedings brought by the State Highway Commissioner. Chapter 3 of Title 14 of the Virginia Code, 1950, sets forth the costs to be taxed in litigation. As we view the section, costs therein contemplated should be confined to statutory fees to which officers, witnesses, jurors, commissioners, and others are entitled for their services. They should not be extended to every conceivable cost and expense incurred by a party engaged in litigation. The allowance of costs other than the specified costs allowed by statute is largely in the discretion of the trial court. *City of Euclid* v. *Vogelin*, 152 Ohio St. 538, 90 N. E. 2d 593, 596.

We are of the opinion that the trial court was most liberal in the allowance of costs in this instance.

■ The ninth and final question is: Was the award of the Commissioners grossly inadequate?

The Commissioners made their award after viewing the premises and upon hearing the evidence. As heretofore stated, the improvements in this instance had already been made and the visible effect thereof was there for the Commissioners to see. They were fully justified in an award which allowed $8,688 for the land taken in fee simple; $4,367 for damages to the remaining property; and $2,120

for the easements taken. Under the evidence the Commissioners could have properly brought in an award which allowed nothing for damages to the residue as there was ample evidence to support a belief that the remaining property had been enhanced in value greatly beyond the value before the taking.

There is no allegation of fraud, misconduct or bias on the part of the Commissioners and, as disclosed, they did not proceed upon erroneous principles.

The report of commissioners is entitled to great weight and is *prima facie* correct and must be confirmed unless "good cause be shown against it." Where there is a conflict in the evidence, neither the trial court nor this court can set aside the award unless it be shown that the commissioners proceeded upon erroneous principles or unless the amount allowed is so grossly inadequate or excessive as to show prejudice or corruption on their part. This is so because the commissioners may base their findings largely, as clearly they could have done in this case, upon the facts obtained by their own view of the premises, which facts do not specifically appear in the record. *Kornegay* v. *City of Richmond, supra*, 185 Va., at p. 1024, 41 S. E. 2d, at p. 50; *Virginia Electric & Power Co.* v. *Pickett*, 197 Va. 269, 275, 89 S. E. 2d 76, 80.

The order is

*Affirmed.*