# Richmond

## Colored Young Men's Christian Association, Etc., Et Al. v. Central Young Men's Christian Association, Etc., Et Al.

June 22, 1959.

Record No. 4940.

Present, Eggleston, C. J., and Buchanan, Miller, Whittle, Snead and I'Anson, JJ.

The opinion states the case.

*Louis B. Fine* and *Howard I. Legum,* for the appellants.

*Robert R. MacMillan* (*Breeden, Howard & MacMillan; Leonard H. Davis, City Attorney; S. W. McGann, Jr., Assistant City Attorney,* on brief), for the appellees.

WHITTLE, J., delivered the opinion of the court.

This appeal involves a controversy between two separate corporations located in the City of Norfolk, each bearing as a part of its name Young Men's Christian Association, hereinafter abbreviated YMCA. The older of the two is the YMCA of the City of Norfolk, which has existed since the date of its charter in 1854, and has been actively engaged in YMCA work among young white men and boys in the city. The popular name for this corporation is Central Young Men's Christian Association. The other corporation, known as the Colored Young Men's Christian Association, was chartered in 1888. For some years it carried on similar functions among the Negro young men and boys of Norfolk. During the depression of the 1930's the Colored YMCA experienced serious financial difficulties. Its financial condition became so strained that the National YMCA recommended that the members of the Colored YMCA become a branch of the Central (White) YMCA.

The minutes of the organization, together with other evidence, show that this recommendation was carried out and the branch relationship was entered into in the year 1935, at which time the members of the Colored YMCA became members of Hunton Branch of the YMCA, an affiliate of Central YMCA. From this time forward the Colored YMCA ceased to function although its charter was not surrendered.

The record discloses that the relationship was harmonious until the executive secretary of the Hunton Branch was discharged in 1957, after an audit of his financial records. At this time a majority of the Committee of Management of Hunton Branch, pursuant to its by-laws, recommended to the Board of Directors of Central YMCA that the executive secretary be removed; whereupon the Board of Directors of Central YMCA accepted the committee's recommendation and removed the secretary.

A minority of the members of Hunton Branch objected to the dis-

charge of the secretary and F. P. Wise and fourteen members of the minority group (appellants here) sought to revive the Colored YMCA which, as aforesaid, had not functioned since 1935. They instituted suit on December 18, 1957, in the name of Colored YMCA, denominating themselves the "Board of Directors" and "Committee of Management" of the corporation. They asserted in the bill that they constituted the Colored YMCA and were entitled, through the Committee of Management, to manage the affairs of Hunton Branch of Central YMCA. The bill prayed that their authority be established by the court and that Central YMCA and its affiliated members of Hunton Branch be enjoined from interfering with their management.

On December 19, 1957, the Central YMCA filed a bill asserting its right to administer the affairs of its affiliate, Hunton Branch, and prayed that the Colored YMCA and F. P. Wise and his associates (the minority group) be enjoined from interfering with its management.

On January 14, 1958, the City of Norfolk intervened in the two suits and asked the court to declare void a certain deed dated May 31, 1952, wherein the city had conveyed certain property to the Colored YMCA. In its bill the city alleged that the deed had been made in error, that under City Ordinance No. 15459, passed on October 11, 1951, the property should have been conveyed to Central YMCA for the use and benefit of Hunton Branch.

By agreement the three causes were consolidated and the evidence was heard *ore tenus* by the chancellor. The issues presented were: (1) Who was entitled to the control and management of Hunton Branch; and (2) whether or not the deed of May 31, 1952, executed by the city to the Colored YMCA was void because it was not in accord with the terms of the City Ordinance.

The proof disclosed that the Colored YMCA was chartered by the court on November 10, 1888; that it was organized for the purpose and function of a young men's Christian Association pertaining to the Negro young men and boys of the City of Norfolk. It was further disclosed without contradiction that the Colored YMCA ceased to function in 1935, and while its charter was not surrendered, its members joined with the Central YMCA of the City of Norfolk as active members of Hunton Branch, both being under the jurisdiction of the parent National YMCA.

The court found that the several meetings held by appellants, F. P. Wise and associates, in their effort to breathe life back into

the Colored YMCA, were without legal effect, and that they (appellants) had no jurisdiction or control over Hunton Branch.

The court further found that the deed executed on May 31, 1952, wherein the city conveyed the property to the Colored YMCA had been made in error and did not comply with the City Ordinance which directed that the property be conveyed to "The Hunton Branch of the [Central] YMCA, or to someone for it."

Thereupon the court entered its final decree on April 1, 1958, holding that Wise and his associates had not been validly elected members of the Committee of Management of the Hunton Branch of the YMCA nor validly elected members of the Board of Directors of the Colored YMCA, and declared that they should have no voice in nor control over the management of either.

The court further found as a fact and decreed accordingly:

"That by deed dated October 21, 1942, the Colored Young Men's Christian Association conveyed all of its property, both real and personal, to five trustees, two white men and three Negroes, in trust for the purposes set out in said deed; that the real property then conveyed was known as the Brambleton Avenue property; that by deed dated February 8, 1952, the said trustees conveyed said Brambleton Avenue property to Norfolk Redevelopment & Housing Authority in exchange for the City of Norfolk agreeing to convey to the Hunton Branch of the Young Men's Christian Association the property on which was then located the Old Nurses' Home of the St. Vincent's Hospital; that the Ordinance of the Council of the City of Norfolk, approved September 11, 1951, by which the City of Norfolk was authorized to convey the Old Nurses' Home provided that said property should be vested in the 'Hunton Branch of the [Central] Young Men's Christian Association or someone for it', but the property was, in fact, erroneously conveyed to the Colored Young Men's Christian Association by deed of the City of Norfolk dated May 31, 1952, which conveyance was contrary to the express provisions of said Ordinance."

Whereupon the court decreed: "That the City of Norfolk convey to the [Central] Young Men's Christian Association of Norfolk the property authorized to be conveyed by Ordinance No. 15459, adopted by the City Council September 11, 1951, in trust, nevertheless, for the benefit of the Hunton Branch of the Young Men's Christian Association, a branch of the Young Men's Christian Association of Norfolk, said property and building to be used for the benefit of the Negro young men and boys of Norfolk, and in the event of the sale

of said property, the proceeds derived from said sale shall be used for the benefit of the Negro young men and boys of Norfolk, Virginia."

From this decree appellants appealed.

■ Under the evidence the court correctly held that the Colored Young Men's Christian Association had not carried out the purposes for which it was organized since 1935, and that its functions had been legally transferred to the Hunton Branch of the Central YMCA; that while its charter had not been surrendered it had in all other respects ceased to exist.

■ The court also correctly declared void the deed of May 31, 1952, to the Colored Young Men's Christian Association which had been made through mistake and did not comply with the Ordinance directing the conveyance.

In our view, however, the deed of April 17, 1958, made in accordance with the court's decree, from the City of Norfolk to the Young Men's Christian Association of Norfolk, is lacking in several respects. The essential trusts created in the deed of October 21, 1942, from the Colored Young Men's Christian Association of Norfolk to the Trustees named therein, must be preserved in the deed from the city, but modified to accord with the change to and establishment of the Hunton Branch as above referred to. The 1942 deed provided:

"This conveyance is expressly made upon the following terms, provisions and trusts:

"1. That the said property is to be held by said trustees, their successors or survivors, for the benefit of the Colored Young Men's Christian Association of Norfolk, Virginia.

"2. That the said property is not to be encumbered or sold at any time without application therefor being first made to a Court of proper jurisdiction, said application to be made by the said trustees, their successors or survivors, upon authority by resolution from the Boards of Directors of each the Central Young Men's Christian Association and the Colored Young Men's Christian Association of Norfolk, Virginia, duly and regularly adopted.

"3. That in the event of sale of said property, the said trustees, their successors or survivors, shall deposit the proceeds therefrom with a reliable bank or banking institution in the City of Norfolk, Virginia, for the benefit of the Colored young men and boys of Norfolk City to be used as may be agreed upon and directed by resolution to be adopted in due and regular manner by each of the Board of Directors of the Central Young Men's Christian Association and the

Colored Young Men's Christian Association, both of Norfolk, Virginia."

Clearly the property here involved, which results from an exchange of the property embraced in the 1942 deed, should be held, as nearly as practicable, under the same trusts.

The deed of April 17, 1958, from the city, conveyed this property in accordance with the court's decree to the (Central) Young Men's Christian Association of Norfolk. Thus it placed the entire control over and title to the property in the hands of the Central (White) YMCA, whereas the City Ordinance provided "That the proper officials of the City be and the same hereby are authorized to execute and deliver a deed, in form approved by the City Attorney, whereby the City of Norfolk shall convey to the Hunton Branch of the YMCA, *or to someone for it*" the property involved. (Emphasis added).

We hold that the present deed dated April 17, 1958, from the City of Norfolk to the Young Men's Christian Association of Norfolk, should be set aside and cancelled, and that a new deed should be executed by the city, conveying the property in question to impartial trustees appointed by the court, wherein the name "Hunton Branch of the Young Men's Christian Association" be substituted for "Colored Young Men's Christian Association", as set forth in the following terms, provisions and trusts:

1. That the said property is to be held by said trustees, their successors or survivors, for the benefit of the Hunton Branch of the Young Men's Christian Association of Norfolk, Virginia.

2. That the said property is not to be encumbered or sold at any time without application therefor being first made to a Court of proper jurisdiction, said application to be made by the said trustees, their successors or survivors, upon authority by resolution from the Board of Directors of the Central Young Men's Christian Association and the proper governing board of the Hunton Branch of the Young Men's Christian Association of Norfolk, Virginia, duly and regularly adopted.

3. That in the event of sale of said property, the said trustees, their successors or survivors, shall deposit the proceeds therefrom with a reliable bank or banking institution in the City of Norfolk, Virginia, for the benefit of the Colored young men and boys of Norfolk City to be used as may be agreed upon and directed by resolution to be adopted in due and regular manner by the Board of Directors of the Central Young Men's Christian Association and the

proper governing board of the Hunton Branch of the Young Men's Christian Association, both of Norfolk, Virginia.

For the foregoing reasons the decree is affirmed in part, reversed in part, and remanded with directions that a new deed be executed by the City of Norfolk carrying out the provisions of the City Ordinance as aforesaid, and incorporating the trusts created by the deed of October 21, 1942, as set forth herein.

The appellees having substantially prevailed on this appeal will recover their costs. Code, § 14-178.

*Affirmed in part; reversed in part, and remanded with directions.*