# Richmond

KENE CORPORATION v. HOWARD HUGH HARRIS, STATE HIGHWAY COMMISSIONER.

November 30, 1964.

Record No. 5798.

Present, Eggleston, C. J., and Spratley, Buchanan, Snead, l'Anson and Carrico, JJ.

*Howard I. Legum* (*Fine, Fine, Legum, Schwan & Fine*, on brief), for the plaintiff in error.

*M. Ray Johnston, Assistant Attorney General (Robert Y. Button, Attorney General; Paul D. Stotts, Assistant Attorney General,* on brief), for the defendant in error.

SPRATLEY, J., delivered the opinion of the court.

The State Highway Commissioner having determined that it was necessary to acquire a certain portion of land owned by Birdie Lee Beem for the construction of Hampton Roads Bridge and Tunnel Project D-4, entered into negotiations with the owner. Project D-4 called for the construction of an underpass at the junction of Little Creek Road and Tidewater Drive in the city of Norfolk. On March 7, 1957, Mrs. Beem and her husband executed an "option-agreement" giving to the Commonwealth of Virginia the right to purchase the land desired by it, upon the payment of "$39,475.00 in full for land, easement and any and all damages." The "option-agreement" further contained the following covenant:

"The landowner covenants and agrees for himself, his heirs, and assigns and successors that the consideration herein mentioned shall be in lieu of any and all claims to compensation and damages by reason of the location, construction, and maintenance of said highway, including such drainage facilities as may be necessary. * * *"

Thereafter, by deed dated March 21, 1957, Mrs. Beem and her husband conveyed the land to the Commonwealth. The deed was acknowledged by the grantors on May 6, 1957, and duly recorded in Deed Book 747, at page 569, on May 7, 1957, in the Clerk's Office of the Corporation Court of the City of Norfolk. Contained in the deed was the following covenant of the grantors, almost identical with the covenant in the "option-agreement:"

"The said grantor covenants and agrees for himself, his heirs and assigns and successors, that the considerations hereinabove mentioned and paid to him shall be in lieu of any and all claims to compensation and damages by reason of the location, construction, and maintenance of said highway, including such drainage as may be necessary."

Mrs. Beem and her husband, by deed dated May 7, 1957, conveyed to Kene Corporation the residue of her property adjoining the above land. The signatures of the grantors to this deed were acknowledged on May 7, 1957, and the deed recorded on July 19, 1957, in Deed Book 752, at page 238, in the above-named clerk's office. This deed contained the following reservation:

"It is expressly excluded from this conveyance the property transferred by the said parties of the first part to the Commonwealth of Virginia by deed dated March 21, 1957 and duly recorded in the Clerk's Office of the Corporation Court of the City of Norfolk in Deed Book 747 at page 569."

On May 22, 1957, the Department of Highways executed a written contract with Norfolk Contracting Company, under the terms of which the latter agreed to construct the proposed underpass. On November 18, 1958, the project was accepted by the Department of Highways as satisfactorily completed.

On December 12, 1962, Kene Corporation filed a claim against the Department of Highways for damages to its property, alleged to have been due to the excavation and piledriving done by Norfolk Contracting Company in the course of its work. Not having received a favorable reply, Kene Corporation, on December 20, 1962, instituted this proceeding by filing a petition for a writ of mandamus, praying that the respondent, the State Highway Commissioner, be compelled to institute and conduct condemnation proceedings to ascertain damages to its property, occasioned by the construction of the said underpass. The respondent demurred to the petition and filed his answer and grounds of defense.

The evidence was heard *ore tenus,* and at its conclusion, the court sustained the motion of the respondent to strike the evidence. Thereupon, an order was entered denying the prayer of the petition, and dismissing the case from the docket.

The court stated that its conclusion was based on the following grounds: "(1) That the release of petitioner's predecessor in title is a complete release and binding upon petitioner; (2) That the statute of limitations made and provided in such cases is one year, and that the period expired prior to the institution of this suit; and (3) That the evidence and facts showed that the damages, if any, complained of was a tort committed, for which the defendant was not responsible." The plaintiff excepted and perfected this appeal.

There was no evidence of any negligence in the work done by the State Highway Commissioner. The President of Kene Corporation testified that he made the claim on behalf of his corporation, "as a result of the tort, damage done to the property."

It is not denied that the Commonwealth cannot be sued for the wrongful or negligent acts of its agents or employees. *Ryan* v. *Davis,* 201 Va. 79, 109 S. E. 2d 409.

■ The express language of the covenant in the deed of March 21, 1957, to the Commonwealth is clear, unequivocal and positive. It is to be construed as written. It is plain upon its face, and relieved the Commonwealth from any and all claims arising out of the construction of the underpass in question. *Virginian Ry. Co.* v. *Hood,* 152 Va. 254, 258, 146 S. E. 284; *Young & Sons* v. *Kirk,* 202 Va. 176, 181, 116 S. E. 2d 38.

The deed to the Commonwealth was executed and recorded prior to the deed to the Kene Corporation. Furthermore, in the latter deed, the land conveyed to the Commonwealth was expressly and specifically excluded. Moreover, reference was made to the deed book and page number of recordation of the Commonwealth's deed in the clerk's office.

Thus, it is clear and beyond doubt that Kene Corporation had notice of the release. The release obviously applied to the remaining lands of Mrs. Beem. There was no other land in which she had an interest except that which she continued to hold. The words "his heirs and assigns and successors" referred to and applied to persons to whom any property or right of the grantors might be transferred.

The covenant was manifestly binding on the petitioner, the Kene Corporation, which was an assignee or successor to the Beems.

■ Section 33-106 of the Code of Virginia, 1950, 1964 Cum. Supp., provides as follows:

"No suit of action shall be brought against the Department of Highways, Commonwealth of Virginia, by any contractor or any persons claiming under him, on any contract executed pursuant to this chapter or by others on any claim arising from the prosecution of the project by the contractor, unless the same shall be brought within one year after the completion of the work on the project to the satisfaction of the chief engineer, Department of Highways."

The undisputed evidence showed that Project D-4 was completed and accepted as complete by the Department of Highways on November 18, 1958; and that no suit or action was filed until December 20, 1962, more than four years after the completion of the work.

The order of the trial court is affirmed.

*Affirmed.*