## LAW AND CHANCERY COURT OF THE CITY OF NORFOLK

Henry E. Herrick, individually, etc.

v.

Quality Home Builders of Norfolk, Inc.

June 12, 1970

Case No. (Law) 3812 (File No. 521/1968)

By JUDGE EDWARD L. RYAN, JR.

On appeal to the Supreme Court the defendant below, Quality Home Builders of Norfolk, Inc., prevailed, final judgment being rendered in its favor. Appellate costs in the sum of $446.30 were awarded to the defendant, and it now brings to the attention of this court the following language of the mandate of the Supreme Court of Appeals:

> And this court proceeding to enter such judgment as to it seems right and proper, doth adjudge and order that the defendant in error (plaintiff below) take nothing by his motion for judgment, *and that the plaintiff in error recover of the defendant in error its costs by it expended in the said Court of Law and Chancery.* (Italics added.)

Defendant, on motion, now asks this court to treat the following items or expenses incurred in the trial court as taxable costs under the mandate of the Supreme Court:

| | |
|---|---:|
| Clerk's fee for preparation of appeal record | $ 7.50 |
| Printing of reply brief | 79.30 |
| Premium of corporate surety for supersedeas bond | 250.00 |
| Court reporter, charges for discovery depositions | 178.50 |
| Court reporter, charges for reporting trial | 90.00 |
| Court reporter, charges for transcript of evidence | 218.70 |
| | -------- |
| | $824.00 |

In support of its position the defendant cites to the court the following concluding language of Code Section 14.1-198 as being "sufficiently broad" to empower the Clerk to tax as costs *any* item the court may by order deem reasonable:

> and every *further sum* which the *court* may deem reasonable and *direct* to be taxed for depositions taken out of the State, *or for any other matter*. (Italics added.)

It is clear that defendant is entitled to recover the Clerk's fee ($7.50) for the preparation of the appeal record. It is equally clear that the defendant is *not* entitled to recover the charge for the printing of its reply brief ($79.30), as this item can be awarded only by the Court of Appeals (which has heretofore awarded the defendant the maximum sum allowable, i.e. $120.00). Code § 14.1-182.

It is well settled that, *in the absence of statutory authority*, a trial court may not tax as costs the fees of a court reporter or stenographer, the costs of a transcript of the evidence, or the premiums on bonds. 20 Am. Jur. 2d, §§ 69, 70; 20 C.J.S., *Costs*, §§ 216, 220, 353, 367. Further, the taxing of costs in litigation is a creature of statute and was unknown at common law. *Ryan v. Davis*, 201 Va. 79, 109 S.E.2d 409 (1959). Finally, statutes relating to costs must be strictly construed. 5 M.J., *Costs*, § 2. In *Ryan* the trial court refused to tax as costs against the State Highway Commissioner attorney's fees and costs of a scale model prepared at the instance of the landowner. In affirming this action, the Court of Appeals set out the following guidelines:

> Chapter 3 of Title 14 of the Virginia Code, 1950 (now Title 14.1), sets forth the costs

to be taxed in litigation. As we view the section, costs therein contemplated *should* be confined to *statutory fees* to which officers, witnesses, jurors, commissioners, and others are entitled for their services. They *should not* be extended to every conceivable cost and expense incurred by a party engaged in litigation. The allowance of costs other than the specified costs allowed by statute is largely in the discretion of the trial court. (Italics added.)

Code § 14.1-198, relied upon by defendant, in authorizing costs "for any other matter" patently, by its very words, does not define the items of recoverable costs; hence the following general rule applies:

Where the statute does not define the items of recoverable costs, the allowance or disallowance of particular costs is confided primarily to the discretion of the trial court, whose decision will not be reversed or disturbed on appeal unless the abuse of such discretion is established. 20 Am. Jur. 2d, *Costs*, § 52.

In an exercise of its discretion, the court finds the following.

### Costs of Discovery Depositions

Discovery proceedings are now well established in Virginia and are routinely followed by all litigants in actions of any importance. It serves as a technique to procure evidence and prepare fully for trial. It is a protection for litigants in eliminating surprise during trial. It has been said that it prevents possible miscarriage of justice; that it discloses the ultimate scope of the controversy; that it narrows the issues and thereby shortens trial and eliminates unnecessary expense; and that it insures the complete development of evidence at trial. Burks, *Pleading and Practice*, § 257. In short, it is a protective cloak for litigants and an indispensable requirement in the effective preparation for trial. In the discovery of the opposition, a litigant does so for

his own personal and legal purposes. The general rule as to costs is said to be as follows:

> In a number of cases in the state courts the expenses of taking a deposition for the purposes of discovery have been disallowed as costs, under the principle that the party taking depositions for discovery purposes must bear the expense thereof as part of the expense of preparing for trial, at least in the absence of a statute authorizing the taxation of such expense as costs. 20 Am. Jur. 2d, *Costs*, § 57.

Further, there is a policy or practical consideration to be weighed in this connection. It is known that many precise and direct attorneys by economical questioning explore the entire scope of the controversy in short order. On the other hand, it is known that some attorneys indulge in incredibly lengthy and repetitious questioning of witnesses during oral discovery. First, it seems apparent that, in justice, a losing party should not be charged with the costs of such a latter examination. Secondly, if costs for discovery depositions were routinely awarded, then it would probably follow that many depositions would be interrupted for rulings by the court on objections to alleged prolixity, or that the court would, at the time of the taxing of costs, be called upon to review and rule on the reasonableness of the length of depositions, prompted by a losing litigant's effort to reduce or abate the costs. Thirdly, allowance of such costs might hamper or hinder attorneys in examining witnesses "in their own fashion." If such be true, then the court concludes that it would be against a sound policy to allow such costs routinely.

The court holds that defendant is not entitled to recover the costs expended by it for discovery depositions.

### Reporters' Fees; Costs of Transcript

> To entitle a party to tax as costs the fees of a court reporter or stenographer, a statute conferring that right must be shown. In the absence of a statute so providing, stenographers' fees for transcripts of the evidence are not taxable as costs. 20 Am. Jur. 2d, *Costs*, § 69.

In addition to the foregoing, the court concludes that a transcript of the evidence was not imperatively necessary in this case and that the matter could have been appealed on a "written statement of facts" as provided for in Rules of Court (Va.) 5:1, § 3(e) and (f). This is made apparent by the following comment of Mr. Justice Harrison in the advance opinion of the court rendered in this matter: "There is no substantial controversy over the evidence."

The court holds that defendant is not entitled to recover the costs expended by it for the transcript of the evidence.

### Premium For Supersedeas Bond

The general rule seems to be that in the absence of statutory authority, the premium paid for a bond given in a pending action may not be taxed as costs therein. 20 Am. Jur. 2d, *Costs*, Section 70.

In addition to the foregoing, the court notes that the final judgment order of this court, entered on May 27, 1968, includes the following:

The defendant has signified its intention to present to the Supreme · Court of Appeals of Virginia a petition for a writ of error to the judgment herein, and also its intention *not* to post a suspending bond. (Italics added.)

Apparently having no fear of an execution and levy, the defendant never posted a suspending bond. When the writ of error *with* supersedeas was awarded, the defendant did post a supersedeas bond on December 13, 1968. In Virginia, "[t]here may be an appeal or writ of error with or without a supersedeas. . . . In practice, the supersedeas is never issued alone, but always as an ancillary process." Burks, *Pleading and Practice*, § 415. If for a period of six months the defendant did not need or desire a suspending bond, the court cannot understand why defendant applied for an ancillary supersedeas and posted a bond thereon at a cost of $250.00.

The court holds that defendant is not entitled to recover the costs expended by it for the premium on said bond.

## Code Section 14.1-198

The question is presented here as to what is meant by the seemingly broad phrase that the court may, in addition, allow costs "for any other matter."

While the legislative intent is not at all apparent, it would seem that this phrase bears a resemblance to those statutes in other states that allow the taxing of certain costs in the form of "extra allowances." 20 Am. Jur. 2d, *Costs*, § 71; 20 C.J.S., *Costs*, § 201, et seq.

The general rule is that unless the statute specifies the type of action or cause in which extra allowances are authorized, then they are allowed only in a "difficult and extraordinary case." 20 Am. Jur. 2d, *Costs*, § 71. The most complete statement thereon is found in § 202(a) of C.J.S., cited above, as follows:

> Under a statute so providing, an extra allowance may be awarded in a difficult and extraordinary case wherein a defense has been interposed . . . . *Obviously an extra allowance cannot be made under such a statute where the case is not difficult or extraordinary.* . . . To render the statute applicable it is necessary that the case be *both* "difficult" and "extraordinary" within the usual and accepted meaning of those terms. It *must* be beset with more than the ordinary difficulties of litigation, *necessarily* justifying or requiring more than ordinary expenditure of money or labor. *An extra allowance should be denied in all doubtful cases, and granted only in those which are clearly within the statute.* (Italics added.)

The court concludes that this case does not fall within the meaning of the terms "difficult" and "extraordinary," and that the defendant is not entitled to recover the costs sought under Code § 14.1-198 (other than the Clerk's fee of $7.50 for preparing the record on appeal).