## CIRCUIT COURT OF HENRICO COUNTY

State Highway Department

   v.

David S. Parrish and
Mazie M. Parrish

March 29, 1978

Case No. 913

By JUDGE E. BALLARD BAKER

The condemnee asks $3,000 for expenses relating to expert witnesses and a scale model in this condemnation case. Reliance is on a statement in Ryan v. Davis, 201 Va. 79, at 85, that "The allowance of costs other than the specified costs allowed by statute is largely in the discretion of the trial court."

Ryan was under § 33-65 which said that all costs in eminent domain proceedings were to be paid by the petitioner. This was amended in 1960 to provide that the Commissioners shall pay all costs "which are fixed by statute . . ." and to allow the Court ". . . in its discretion . . ." to allow up to $50 for a survey for the owner. The appropriate statute today is § 25-46.32, which, as pertinent here, reads as follows:

> Except as otherwise provided in this chapter, all costs of the proceeding in the trial court which are fixed by statute shall be taxed against the petitioner. The court may in its discretion tax as a cost a fee for a survey for the landowner, such fee not to exceed one hundred dollars. . .

The exception provision does not help the landowner here, there being nothing in the chapter authorizing assessment of such costs against the petitioner.

Not unrelated to the question is § 14.1-201 which provides that in no case shall there be judgment for costs against the Commonwealth, ". . . except when otherwise specially provided . . ."

Article 1, § 11 of the Virginia Constitution prohibits the taking or damaging of private property ". . . without just compensation . . ." I am not aware of any Virginia case construing "just compensation" to include or not expenses such as those here. However, the constitutional provision relates to property; and it is the value of the property taken or damages that must be measured. Costs of defending the taking are not part of the value of the property.

While the Annotation at 68 A.L.R.3d 546 shows a split of authority on the point, with no Virginia cases cited, I do not believe that expert witnesses' fees and costs of exhibits are a part of "just compensation" in Virginia. If they were, under § 25-46.20 it would seem the commissioners would have to determine value as only they determine just compensation.

As these expenses are not constitutionally required as a part of just compensation and as there is no statutory provision permitting them to be taxed against the petitioner as costs, I find no basis on which to support the defendants' motion.