## CIRCUIT COURT OF LOUDOUN COUNTY

Loudoun County
Board of Supervisors

    v.

Lunn

### Case No. (Law) 10748

By JUDGE THOMAS D. HORNE

October 19, 1990

The Court will overrule the Exceptions filed to the report of the Commissioners. There has been no impropriety in the empaneling of the Commissioners or in the refusal of the Court to strike the suggested nominee. No evidence of such a custom as is alluded to in paragraph 2 of the Exceptions has been introduced or has there been any evidence introduced as to how such a custom would have affected the fairness of the Commissioners. It should be noted that the Court resummoned the Commissioners *ex mero motu* after a suggestion was made by the landowner of impropriety on the part of the Commissioners. This was done to ensure the fairness of these proceedings.

In addition, the Court sees no reason to deviate from its previous rulings as to the matters contained in Exception 1(a-e). The authorities cited by the landowner are clearly distinguishable from the instant case. Any evidence as to the potential impact on market value which the acquisition of the landowner's tract might have to Kettler and Scott, as part of a proffer package subject to review and approval of the Board, would be purely speculative. As counsel for the County has observed, the

argument set forth by the landowner attempts again to raise the issues of "source of funds" and valuation based upon the use of the property as a public improvement. Such issues were not proper for the consideration of the Commissioners in the valuation of the property and were properly excluded. The position taken by the landowner would have the Commissioners look not to the loss of the landowner but to the gain of the County through the proffer and development of a public road.

Accordingly, the Court will overrule the Exceptions filed by the landowner.

## September 24, 1991

This matter came before the Court upon the issue as to whom, as between the landowner and the condemning authority, should be required to pay the fees of the General Receiver. After considering the arguments of counsel, the Court previously directed that counsel consult with the General Receiver concerning the payment of its fee. Subsequently, a letter dated September 18, 1991, was sent to the Court as to the position of the General Receiver and the parties. The County Attorney suggests that the issue of fees should be left to resolution between the General Receiver and the landowner. The Court disagrees.

The County elected to pay $2,173,893.00 into the Court pursuant to the provisions of § 25-46.8, Code of Virginia, as amended, and thus avail themselves of an early right of entry to the property. At any time after the deposit of these funds, the landowner could have applied to withdraw these funds. Sections 25-46.8, 25-46.30, Code of Virginia, as amended. She elected not to do so. The clerk, pursuant to his statutory obligation, placed the monies so deposited in an interest bearing account. Section 25-46.8, Code of Virginia, as amended. Upon her request for the withdrawal of these funds, she is entitled to the interest earned while on deposit. Section 25-46.30, Code of Virginia, as amended. Furthermore, she is entitled to statutory interest on the amount of $626,107.00 from the pendente lite entry date to the date of distribution. Section 25-46.31, Code of Virginia, as amended. To the extent that interest has been actually earned on the excess of the award over the pendente lite deposit since the

deposit of $626,107.00, this interest should be offset against the statutory interest due. Section 25-46.31, Code of Virginia, as amended. Under the circumstances, as represented to the Court, no additional interest will be due after payment of the remaining funds to the landowners. In any event, it is the landowner who is entitled to interest earned, not the County. If the Court were to charge the landowner with the fees of the General Receiver, this would result in a diminution of the amount which she is otherwise entitled by statute.

The instant litigation was instituted at the request of the County. It is the County which requested that the funds be placed with the General Receiver.

It is provided in condemnation proceedings by counties that "all costs of the proceeding in the trial court which are fixed by statute shall be taxed against the petitioner." Section 25-46.32, Code of Virginia, as amended.

The Court finds that the Opinion of the Attorney General relied upon the County is inapplicable to the instant case. *Report of the Attorney General* (1979-1980) at 166. At issue in that opinion was the deposit of funds in an eminent domain proceeding initiated by the Commonwealth. This would require the application of §§ 14.1-87 and 14.1-201 limiting payments for services unless expressly allowed by statute. Former § 33-65, Code of Virginia, has since been repealed. At the same time, the fees of the General Receiver have been clearly defined by statute. Section 8.01-589, Code of Virginia, as amended. As opposed to the fixed fees established for a General Receiver, the costs under consideration in *Ryan v. Davis*, 201 Va. 79 (1959), which is relied upon in Opinion of the Attorney General, were for a model and attorney's fees.

The Court is not under an obligation to adhere to the statutory apportionment of fees for General Receiver in a condemnation action. Section 8.01-582(2), Code of Virginia, 1950, as amended. However, this does not mean the General Receiver is not to receive a fee. Were the Court to follow the position taken by the County, it would render the use of General Receivers impossible. Given the disposition of the Clerk not to act as General Receiver (a function he is not required to perform), this in turn would seriously jeopardize any proceeding requiring the deposit of funds.

Accordingly, the County will be directed to satisfy the fees of the General Receiver as provided by statute. Mr. Price may draw a Final Order of Distribution directing payment of such fees and the balance of the funds on deposit in accordance with this opinion, to which the County may note its exception.