## CIRCUIT COURT OF FAIRFAX COUNTY

Izadpanah

v.

Robert Hummel et al.

June 25, 1993

Case Nos. (Law) 91017, 103819

BY JUDGE THOMAS A. FORTKORT

This case is before the Court on the motion of defendants Robert Hummel, Charles Crowe and Federal Computer Corporation for an award of costs incurred in defending the above suits. For the reasons set forth below, the Court will award defendants $14,108.42, the amount of their transcription costs. As to the remainder of the costs sought, defendants' motion is denied.

This motion concludes a series of lengthy and acrimonious lawsuits between the parties. Defendants seek an award of costs based upon court reporting, expert witness and commissioner's fees, as well as an award of what defendants have termed their "administrative costs." These costs include photocopying, postage, research, and other office expenditures.

Statutory authority for an award of costs in the instant case is found in § 14.1–178 of the Virginia Code. This section provides that "the party for whom final judgment is given . . . shall recover his costs against the opposite party . . . ." Va. Code Ann. § 14.1–178 (1950). In both law and equity, the award of costs is within the court's discretion. Va. Code Ann. § 14.1–177 (1950); *City of Richmond v. County of Henrico*, 185 Va. 859, 863, 41 S.E.2d 35 (1947). The costs properly awarded are set out in § 14.1–198 of the Virginia Code. In addition to specific items, these costs include "every further sum which the court may deem reasonable . . . ."

Plaintiff Izadpanah cites the case of *Ryan v. Davis*, 201 Va. 79, 109 S.E.2d 409 (1959), for the general proposition that costs are to be

sparingly awarded. A closer reading of that case, however, suggests quite the opposite. In *Ryan*, a condemnation case, the Virginia Supreme Court affirmed an award of costs which it termed "most liberal." These costs included "a liberal allowance for surveys and expert witness fees." *Id.* In fact, the only costs denied by the trial court in *Ryan* were attorney's fees and the cost of three-dimensional scale model drawings, neither of which is at issue in the instant case.

The court will award defendants the costs of their hearing and deposition transcripts.[1] Although expert witness fees are recoverable under *Ryan*, 201 Va. 85, the Court will not grant them in this case. The $4,000.00 commissioner's fee was divided between the parties when incurred and will not be shifted further. The defendants will bear their own administrative costs.

---

[1] Plaintiff contends that under *Herrick v. Quality Home Builders*, 6 Va. Cir. 467 (1970), transcription expenses are "generally not taxable as costs." Plaintiff's memorandum in opposition at 5. The *Herrick* court declined to award transcription fees primarily because it concluded that the transcript of the evidence had been an unnecessary expense. *Id.* The same cannot be said of the case at bar.