## CIRCUIT COURT OF ARLINGTON COUNTY

Commonwealth Transportation
Commissioner of Virginia

v.

American Service Center

October 16, 1997

Case No. (Law) 96-816

BY JUDGE WILLIAM L. WINSTON

The Motion in Limine filed by the Petitioner raises certain fundamental issues regarding testimony to be offered by the defendants. This evidence bears upon the question of the assessment of the property owner's damages to the residue and the method of assessing or calculating those damages. There is no dispute as to the valuation of the land included in the taking.

The defendants seek to recover the cost of acquiring an adjacent parcel of land and the cost of placing a new automotive showroom on it. Neither is recoverable in this case as damages, nor may they be used as the measure of damages in the cost to adjust the residue to the new conditions. *State Highway Comm'r v. Parr*, 217 Va. 522 (1976).

Comparable sales may be used to aid in the *evaluation* of property but there is no authority which would permit the recovery of the damages sought here, nor is there authority which would permit the commissioners to consider such costs in assessing damages.

The case of *Ryan v. Davis*, 201 Va. 142, 109 S.E.2d 409 (1959), stands for the principle that the owner is entitled to the value of the land taken and damages to the residue, if any.

Profits or losses from business are too speculative and uncertain to be considered in determining value unless attributable to the intrinsic nature of the property.

*Id.* at 139. Many businesses prosper or fail because of location, management, quality of the product, and factors that are totally unrelated to the land upon which the business is conducted.

The case of *Lynch v. Commonwealth Transp. Comm'r*, 247 Va. 388 (1994), and *Wammco v. Commonwealth Transp. Comm'r*, 251 Va. 132 (1996), were reviewed carefully. In *Lynch*, the trial court erred in excluding from evidence an exhibit demonstrating development of the property and its impact on the residue of the property. The proposed development was found to be real and not speculative and relevant to present conditions.

In *Wammco*, the Court specifically dealt with off-site improvements. No effort was made to have the off-site costs or expenses included within the adjustment costs of the residue. But the case excluded the evidence of the "on-site" costs because they were dependent upon certain "off-site" improvements being made. Because of the speculative nature of the off-site improvements being made, i.e. dependence on the acts of others over whom the property owner had no control, evidence of these was excluded. Neither of these cases is authority that would support the admissibility of the proffered evidence.

These rulings cover the issues raised in the Petitioner's motion, *viz.*, the cost to the property owner of replacement land, the cost of improvements on such property, and the allowance in calculating damages of alleged increased expense costs. The Motion in Limine is granted as set forth here and to that extent.