**VIRGINIA:**

In the Supreme Court of Virginia held a the Supreme Court Building in the City of Richmond, on Friday, the 2nd day of March, 2007.

C. Givens Brothers, L.L.C.,                                        Appellant,

     against                    Record No. 060927
                            Circuit Court No. CH05-017755-00

Town of Blacksburg,                                        Appellee.

Upon an appeal from a judgment rendered by the Circuit Court of Montgomery County.

Upon consideration of the record, briefs, and argument of counsel, the Court is of opinion that there is no error in the judgment of the Circuit Court of Montgomery County.

On June 30, 2005, C. Givens Brothers, L.L.C. ("Givens") filed a petition for a writ of mandamus[1] seeking to compel the Town of Blacksburg ("Blacksburg") to construct sewer lines to Givens' property, which Blacksburg annexed under a 1970 annexation decree ("the 1970 decree").[2]  Blacksburg filed a special plea in bar

---

[1] Givens filed the petition on the chancery side of the circuit court. At Blacksburg's motion, and with Givens' consent, the circuit court transferred the case to the law side.

[2] Paragraph 7(b) of the 1970 decree provides for the extension of "sewer service to the area decreed to be annexed by providing adequate sewers throughout the area . . . ."  However, Paragraph 7(c) provides "insofar as water and sewer extensions are concerned, the Court is cognizant of the fact that there is no necessity of the installation of such lines simply to cover an area unless some development requires it."  The 1970 decree was affirmed by this Court in a per curiam decision dated January 17, 1972.  County of

contending Givens' petition was barred by the statute of limitations or by the doctrine of laches. The circuit court sustained the plea in bar under both the statute of limitations and laches, and dismissed Givens' petition with prejudice.[3] On appeal, Givens contends the circuit court erred in ruling that any statute of limitations applies to a petition for writ of mandamus that seeks equitable relief rather than a monetary payment.

We disagree with Givens. On at least three prior occasions, we have held a petition for writ of mandamus was barred by the applicable statute of limitations. See Prendergast v. Northern Va. Regional Park Authority, 227 Va. 190, 192-93, 195, 313 S.E.2d 399, 400, 402 (1984) (applying a three-year limitations period to a petition for a writ of mandamus to "direct[] the Park Authority to file condemnation proceedings against the Law Building for the purpose of ascertaining just compensation" in an inverse condemnation proceeding); Kene Corp. v. State Highway Comm'r, 205 Va. 619, 621-22, 139 S.E.2d 61, 62-63 (1964) (applying a one-year limitations period to bar a petition for writ of mandamus filed to compel the Highway Commissioner to institute "condemnation

_____

Montgomery v. Town of Blacksburg, 212 Va. 528, 186 S.E.2d 282 (1972).

[3] The issue of whether the provisions of the 1970 decree are, in pertinent part, discretionary, so that mandamus does not lie, was not raised below and is not before the Court in this proceeding. Accordingly, we express no opinion on whether mandamus would lie under the terms of the 1970 decree.

2

proceedings to ascertain damages to [petitioner's] property"); and

Board of Supervisors v. Catlett, 86 Va. 158, 162-64, 9 S.E. 999,

1001-02 (1889) (applying a five-year limitations period to bar a

petition for writ of mandamus filed to compel the levy of a tax in

order to pay claimants).  None of these cases limit the application

of a statute of limitations to a petition for a writ of mandamus on

the basis of the relief sought.  Under the facts of this case, we

find our clear precedent applies and that Givens' petition for writ

of mandamus is similarly subject to a statute of limitations.

We further find that Givens' cause of action accrued, at the

latest date, upon Blacksburg's enactment of Ordinance 675 on

November 12, 1985.[4]  Regardless of which statute of limitations

proffered by Blacksburg applies in the case at bar, Givens'

petition, filed in 2005, was not timely.[5]

---

[4] The Ordinance set forth "the policy of [Blacksburg] with respect to providing sanitary sewerage service to" the areas annexed by the Decree.  It provided for the extension of service to certain areas within the annexed lands and declared, "After the completion of the project or projects described in this ordinance, the Town shall deem itself discharged of the obligations imposed by the annexation decree.  Thenceforth, all sanitary sewer main extensions in the annexed areas shall be conducted under normal Town ordinances, rules, regulations, and policies."

[5] The limitation provisions before the circuit court included two-year (Code § 8.01-248, which contained a one-year period in 1985), three-year (Code § 8.01-246(4)), five-year (Code § 8.01-243(B), and twenty-year periods (Code § 8.01-251(A)).

Under Code § 8.01-248, a "personal action . . . for which no limitation is otherwise prescribed, [must] be brought within two years after the right to bring such action has accrued."  Under Code § 8.01-246(4), an action brought "upon any unwritten contract,

3

Accordingly, the circuit court did not err in finding Givens' petition was barred by the statute of limitations.[6]

Therefore, the judgment appealed from is affirmed.  The appellant shall pay to the appellee thirty dollars damages.

This order shall be published in the Virginia Reports and shall be certified to the Circuit Court of Montgomery County.

A Copy,


Teste:


Patricia L. Harrington, Clerk

---

express or implied, [must be brought] within three years" after the cause of action's accrual. And under Code § 8.01-243(B), which the trial court ultimately found applicable, an "action for injury to property [must] be brought within five years after the cause of action accrues."

We note that Code § 8.01-251(A), also discussed by the parties and the circuit court, is inapplicable to the case at bar because this section applies to enforcement of judgments in which monetary damages have been awarded.

[6] In view of our finding that Givens' petition for a writ of mandamus is barred by the statute of limitations, we need not address Givens' assignment of error relating to the application of the doctrine of laches.

4