## CIRCUIT COURT OF HANOVER COUNTY

Virginia Department
of Transportation

v.

Paul C. Carey
and Alesia R. Carey

February 20, 2015

Case No. CL13003434-00

BY JUDGE J. OVERTON HARRIS

Before the Court are Petitioner's Revised Motions *in Limine* and Respondents' Motion To Determine Sufficiency of Objections and To Compel Full and Complete Responses to Requests for Admission. At the hearing, Petitioner withdrew its second motion *in limine* request. The Court heard argument and took the matters under advisement. Following a thorough review of the pleadings and the law, the Court finds as follows.

### I. *Background*

This case involves a highway condemnation proceeding to acquire a small portion of the subject property owned by Respondents for a road improvement project. The project is designed to facilitate the safe and expeditious flow of traffic near the intersection of Route 1 and Route 54 by creating a right turn lane onto Route 1 from Route 54 in the Town of Ashland in Hanover County. The pleadings and oral argument have presented the Court with two specific issues to resolve. The first issue is whether the expert opinion of Respondents' expert witness, Mr. Dennis W. Gruelle, is supported by an adequate factual basis. The second issue before the Court is whether Respondents can compel Petitioner to produce Petitioner's pre-condemnation statement of just compensation to Respondents as a party

admission. Due to Petitioner's request to withdraw its second motion *in limine*, the motion to withdraw is granted, and the motion *in limine* as to that issue is dismissed.

## II. *Expert Witness*

In a civil proceeding, if scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise. Va. Code § 8.01-401.3. Expert testimony may include opinions of the witness established with a reasonable degree of probability, or it may address empirical data from which such probability may be established in the mind of the finder of fact. Va. Sup. Ct. R. 2:702(b). In a civil action, an expert witness may give testimony and render an opinion or draw inferences from facts, circumstances, or data made known to or perceived by such witness at or before the hearing or trial during which the witness is called upon to testify. Va. Sup. Ct. R. 2:703(a).

Before expert testimony may be admitted in a civil case to assist the fact finder, that testimony must meet certain requirements, including the requirement of an adequate factual foundation. *Forbes v. Rapp*, 269 Va. 374, 381 (2005) (citing *Countryside Corp. v. Taylor*, 263 Va. 549, 553 (2002); *John v. Im*, 263 Va. 315, 319-20 (2002)). Expert testimony is inadmissible if it is speculative or based on assumptions that have an insufficient factual basis. *Forbes*, 269 Va. at 381. Expert testimony is also inadmissible when an expert has not considered all variables bearing on the inferences to be drawn from the facts presented. *Id.*

Mr. Gruelle is a real estate appraiser and is expected to testify that Respondents' residue has been negatively impacted by the taking. Mr. Gruelle valued the residue at the taking at $535,898 and valued the residue after the taking at $455,513. In his opinion, the damage to Respondents' residue is in the amount of $80,385. Petitioner argues that Mr. Gruelle has no factual support for his conclusion, arguing that Mr. Gruelle did not rely upon any comparable sales in the market or contracts to sell the subject property. Petitioner further alleges that Mr. Gruelle has no evidence of potential income loss and instead bases his opinion of damage on a mere recitation of features of the property that will be changed as a result of the taking.

The Court finds that Mr. Gruelle's expert opinion is supported by an adequate factual basis. Mr. Gruelle is a licensed certified general real estate appraiser. The Respondents engaged the services of Mr. Gruelle, who has prepared an appraisal of the subject property as of the date of the taking. In his opinion, the damage to Respondents' residue is in the amount of $80,385. In support of his opinion, Mr. Gruelle relied upon the following: (1) that the Petitioner's taking imposed utility easements across a portion

of Respondents' parking lot, encumbering at least three parking spaces; (2) that easements created uncertainty regarding Respondents' right to use those parking spaces; (3) that Respondents' advertising sign must be relocated; and (4) the size of the subject property as it relates to future development of the property.

The Court agrees with Respondents that Petitioner's objections to Mr. Gruelle's opinion go towards the weight of his opinion, not towards its admissibility. Because Mr. Gruelle's opinion is supported by a sufficient factual basis, Petitioner's motion *in limine* regarding that issue is denied.

### III. *Pre-Condemnation Statement of Just Compensation*

Pursuant to Virginia Code § 25.1-204, Petitioner must establish an amount which it believes to be just compensation before making an offer to acquire or initiating any related negotiations for real property. The statute further requires Petitioner to make a prompt offer to acquire the property for the full amount so established. Respondents argue that Petitioner's statutorily-required establishment of just compensation, which was provided to Respondents in a written statement, is an admission by a party opponent and is, therefore, admissible at trial to establish the appropriate amount of just compensation.

In *Duncan v. State Highway Commission*, 142 Va. 135 (1925), the Supreme Court found that offers made by the condemning party to the property owner are an attempt at compromise and thus are not admissible at trial on the issue of just compensation. Similarly in *Ryan v. Davis*, 201 Va. 79 (1959), the Supreme Court again held that an offer from a condemning authority was not admissible in a case where the award was less than the condemner's prior offer.

Respondents argue that *Duncan* and *Ryan* do not apply to these facts and claim instead that Petitioner's statement sought to be introduced was an admission against Petitioner's interest, not an offer. This Court does not agree with that characterization of the information sought. In fact, the document that contains the alleged party-opponent admission describes itself as an "offer to purchase the needed rights of way." Because that document is an offer from Petitioner to purchase Respondents' property, the relevant statute and case law inform the Court that the information sought is not admissible. Therefore, the Court grants Petitioner's Motion *in Limine* as to that issue.

### IV. *Conclusion*

For the reasons articulated in this letter opinion, the Court denies Petitioner's Motion *in Limine* to Mr. Gruelle's testimony. The Court also grants Petitioner's Motion *in Limine* as to the issue of the admissibility of Petitioner's offer of compromise and thus denies Respondents' Motion To Compel as to that issue.